COMMONWEALTH of Pennsylvania,
Appellee

v.

Timothy Mark DODGE, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,

Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,

Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Timothy Mark Dodge, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 4, 2012.
Filed Sept. 11, 2013.
Reargument Denied Nov. 21, 2013.

Helen A. Stolinas, Towanda, for appellant.

Francis D. Rineer, Jr., Assistant District Attorney, Towanda, for Commonwealth, appellee.

BEFORE: BOWES, OLSON, and WECHT, JJ.

OPINION BY BOWES, J.:

Timothy Mark Dodge appeals from the judgment of sentence of forty years, seven months to eighty-one years and two months incarceration following his re-sen-

tencing after this Court vacated his sentence on two prior occasions. After considerable review, we affirm.

This case is before this Court for the fourth time, after Appellant's third sentencing. A jury convicted Appellant of forty counts of receiving stolen property,[1] two counts of burglary, two counts of criminal trespass, and one count each of possession of a small amount of marijuana, possession of drug paraphernalia, and unauthorized use of a motor vehicle. These convictions arose after Pennsylvania State Police attempted to interview Appellant at his residence about an automobile accident. When Appellant exited the door, police detected a strong odor of marijuana, and Appellant refused police entry into the home, a trailer. Police secured a search warrant for Appellant's home and eventually his car. Inside Appellant's home, police retrieved six full jewelry boxes, some concealed in cupboards. Police also found two single-barrel shotguns and two compound hunting bows. Numerous items of jewelry were also located in plastic Ziploc bags. In addition, police discovered lockpicking tools. Other items that were recovered included rifle and bow cases, a machete, a bb gun, a pellet gun, an air rifle, a taser, televisions and VCRs, various statues, prescription drugs prescribed to others, marijuana seeds, and growing lights.

Appellant subsequently fled the jurisdiction and police arrested him in Lancaster County, Pennsylvania in February 2000 while he was driving a stolen vehicle. After the litigation of omnibus pre-trial motions, Appellant proceeded to a jury trial. The jury convicted Appellant of the aforementioned crimes. The trial court originally sentenced Appellant to fifty-eight and one-half to 124 years imprisonment. Appellant appealed, and in a published decision, with one judge dissenting, this Court vacated that sentence. *Commonwealth v. Dodge*, 859 A.2d 771 (Pa.Super.2004), ("*Dodge I*"), *vacated*, 594 Pa. 345, 935 A.2d 1290 (2007). The Commonwealth appealed, and our Supreme Court vacated this Court's decision and returned the matter to this Court for reconsideration in light of *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957 (Pa.2007). *Commonwealth v. Dodge*, 594 Pa. 345, 935 A.2d 1290 (2007). After remand, in a published decision with one judge dissenting, this Court again vacated the sentence and remanded for resentencing. *Commonwealth v. Dodge*, 957 A.2d 1198 (Pa.Super.2008) ("*Dodge II*"). Our Supreme Court denied allowance of appeal.[2] *Commonwealth v. Dodge*, 602 Pa. 662, 980 A.2d 605 (2009).

Upon remand, the original trial judge was no longer serving on the bench. Accordingly, a new judge was assigned the case. The court imposed a sentence of fifty-one years, four months and thirty days to 122 years.[3] Appellant filed a post-

---

1. Our prior decisions in this matter incorrectly indicated that Appellant was convicted of thirty-seven counts of receiving stolen property. The jury verdict and the order entered after those verdicts reflect that the jury convicted Appellant of forty counts of receiving stolen property: thirty-nine third-degree felony convictions and one misdemeanor-of-the-first-degree conviction. The confusion stems from the first panel's misreading of the original sentencing order. Therein, the court did not impose a sentence for receiving stolen property at two counts in which Appellant was also found guilty of burglary. The trial court, however, did indicate that Appellant

was convicted of thirty-seven additional felony-receiving-stolen-property counts and one misdemeanor of the first-degree count.

2. The sentencing court inaccurately states that the Commonwealth did not appeal our decision in *Dodge II*. *See* Trial Court Opinion, 6/1/12, at 3.

3. The prior panel in its unpublished memorandum incorrectly stated that Appellant's sentence was fifty-one years and seven months to 123 years. This was based on the sentencing court's original indication that it intended to sentence Appellant to three

sentence motion, which the court denied except as to an issue pertaining to restitution. On appeal, this Court, in an unpublished decision, vacated the sentence. *Commonwealth v. Dodge*, 26 A.3d 1204, 1207 (Pa.Super.2011). After remand, Appellant sought recusal from the sentencing judge. The court denied the recusal motion and re-sentenced Appellant to forty years, seven months to eighty-one years and two months imprisonment. Specifically, the court imposed consecutive sentences of one to two years on the thirty-seven felony counts of receiving stolen property, two to four years and one to two years for the two burglary convictions, six to twelve months for the first-degree misdemeanor receiving stolen property, and one to two months for the unauthorized use of a motor vehicle. The court did not subject Appellant to a prison or probation sentence for the drug offenses and ordered him to pay fines. The consecutive sentences were at the low end of the standard range of the sentencing guidelines. Appellant again filed a post-sentence motion. The sentencing court denied the motion, and this timely appeal ensued.

The sentencing court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the trial court authored its Pa.R.A.P. 1925(a) decision. The matter is now ready for this Court's consideration. Appellant raises four interrelated discretionary sentencing issues.

I. Whether the sentencing [c]ourt erred in disregarding factors mandated under the Sentencing Code, such as rehabilitation and the nature and circumstances of the offenses?

II. Whether the sentencing court relied on impermissible factors in imposing sentence?

III. Whether the sentence was arbitrary due to consecutive sentences for numerous separate felony counts of [r]eceiving [s]tolen [p]roperty?

IV. Whether the Sentencing Court ignored this Court's reasoned opinion in two prior cases by again sentencing the defendant to a virtual life term?

Appellant's brief at 7.

■ Each of Appellant's issues implicates the discretionary aspects of his sentence. "[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super.2010); 42 Pa.C.S. § 9781(b); *but see* Pa. Const. Art. V § 9 ("there shall also be a right of appeal from a court of record ... to an appellate court").[4] Rather, an "[a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Crump, supra* at 1282.

A defendant presents a substantial question when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." In order to properly present a discretionary sen-

---

months to one year for possession of a small amount of marijuana. The maximum allowable punishment for that crime, however, is thirty days, and the court imposed a thirty-day sentence.

4. In a five-to-four decision, this Court rejected a constitutional challenge under Article V, § 9 to 42 Pa.C.S. § 9781. *Commonwealth v. McFarlin*, 402 Pa.Super. 502, 587 A.2d 732 (1991) (*en banc*). Our Supreme Court affirmed, without discussion, via a *per curiam* order. *Commonwealth v. McFarlin*, 530 Pa. 167, 607 A.2d 730 (1992).

tencing claim, a defendant is required to preserve the issue in either a post-sentence motion or at sentencing and in a court-ordered Pa.R.A.P. 1925(b) concise statement. Further, on appeal, a defendant "must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm."

*Commonwealth v. Naranjo,* 53 A.3d 66, 72 (Pa.Super.2012) (citations omitted).

Appellant preserved his issues via his post-sentence motion, Pa.R.A.P. 1925(b) statement, and by providing a Pa.R.A.P. 2119(f) statement. Appellant relies on *Dodge II,* our Supreme Court's decision in *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617 (2002) (plurality), and *Commonwealth v. Mastromarino,* 2 A.3d 581 (Pa.Super.2010), in asserting that the imposition of consecutive sentences in this instance, *i.e.,* based on the criminal conduct at issue, results in a manifestly excessive sentence and presents a substantial question for review.

The sentencing court relied on a long line of precedent holding that bald excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for review, and reasoned that Appellant had not presented a substantial question for this Court to review. *See* Trial Court Opinion, 6/1/12, at 19 citing *Commonwealth v. Koehler,* 558 Pa. 334, 737 A.2d 225 (1999); *Commonwealth v. Ahmad,* 961 A.2d 884 (Pa.Super.2008); *Commonwealth v. Johnson,* 961 A.2d 877 (Pa.Super.2008); *Commonwealth v. Pass,*

914 A.2d 442 (Pa.Super.2006); *Commonwealth v. Marts,* 889 A.2d 608 (Pa.Super.2005); *Commonwealth v. Johnson,* 873 A.2d 704 (Pa.Super.2005); *Commonwealth v. Boyer,* 856 A.2d 149 (Pa.Super.2004); *Commonwealth v. Druce,* 796 A.2d 321 (Pa.Super.2002); *Commonwealth v. Wellor,* 731 A.2d 152 (Pa.Super.1999); *Commonwealth v. Rickabaugh,* 706 A.2d 826 (Pa.Super.1997); *Commonwealth v. Hoag,* 445 Pa.Super. 455, 665 A.2d 1212 (1995); *Commonwealth v. Gaddis,* 432 Pa.Super. 523, 639 A.2d 462 (1994).

The sentencing court proceeded to erroneously maintain that this Court has subsequently cited *Dodge I* as authority in *Commonwealth v. Gonzalez–Dejusus,* 994 A.2d 595 (Pa.Super.2010) and *Mastromarino, supra.* See Trial Court Opinion, 6/1/12, at 20 ("After the Pennsylvania Supreme Court vacated *Dodge I,* two Superior Court panels cited it as authority."). The *Gonzalez–Dejusus* Court did not rely on *Dodge I* and instead stated that in determining whether an aggregate consecutive sentencing issue raises a substantial question, we look to whether the sentence *prima facie* appears excessive based on the criminal conduct that occurred in the case. *Gonzalez–Dejusus, supra* at 599.[5] Similarly, in *Mastromarino, supra,* this Court opined, "the preliminary substantial question inquiry in the case sub judice is 'whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case.'" *Id.* at 588 (quoting in part *Gonzalez–Dejusus, supra* at 599). This statement is consistent with 42 Pa. C.S. § 9781(c)(2), which permits an appel-

---

**5.** In *Commonwealth v. Gonzalez–Dejusus,* 994 A.2d 595 (Pa.Super.2010), this Court recognized in a footnote that *Dodge I* was vacated. We then stated that *Dodge II* held that an "excessive aggregate sentence" argument was cognizable upon appellate review. This was simply a recognition that an excessive aggregate sentence claim is not prohibited as a matter of law. Indeed, the *Gonzalez–Dejusus* Court did not find that the excessive aggregate sentencing claim leveled therein presented a substantial question for review.

late court to vacate a sentence, necessarily meaning a substantial question was raised, where "the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). Both panels in *Gonzalez–Dejusus* and *Mastromarino* declined to find that the appellants raised a substantial question.

■ The sentencing court confused our holdings in *Gonzalez–Dejusus* and *Mastromarino*, and failed to appreciate the critical distinction between a bald excessiveness claim based on imposition of consecutive sentences and an argument that articulates reasons why consecutive sentences in a particular case are unreasonable or clearly unreasonable. To make it clear, a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question. *See Commonwealth v. Moury*, 992 A.2d 162, 171–172 (Pa.Super.2010) ("The imposition of consecutive,

rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment."); *Mastromarino, supra; Gonzalez–Dejusus, supra; Dodge II, supra;* 42 Pa.C.S. § 9781; *Mouzon, supra; Id.* at 628 (Castille, J. dissenting) ("I also agree with the lead opinion that a claim that a sentence is excessive, but which falls within the statutory maximum allowable for the crime at issue is not categorically barred from appellate review under the Sentencing Code.").[6]

In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

---

**6.** The sentencing court stated that it was "beyond its reasoning abilities to understand *Dodge I's* conclusion" that our Supreme Court in *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002) (plurality) unanimously agreed that an excessiveness claim could raise a substantial question for review. Trial Court Opinion, 6/1/12, at 10. However, now Chief Justice Castille agreed that an excessive sentence claim might raise a substantial question, since he stated it was not categorically barred from review. Similarly, Justice Eakin stated in his dissent, "while my colleagues offer an analysis with which I cannot disagree, I believe there is a misapprehension of the Superior Court's decision." *Id.* at 630. Thus, the justices agreed that there may be circumstances where an excessive sentence claim raises a substantial

question. Chief Justice Castille and Justice Eakin, however, believed that the defendant in *Mouzon* made a boilerplate claim. Hence, it is readily understandable that our Court must distinguish between boilerplate claims and contentions that the defendant develops an argument in determining whether an appellant has presented a substantial question.

We add that defendants do not have to comply with Pa.R.A.P. 2119(f) before a trial court. Rather, Pa.R.A.P. 2119(f) is only applicable on appeal. Thus, it is simply not possible for a trial court to decide in a case such as this that the appellant has not demonstrated the existence of a substantial question because it does not have the benefit of the 2119(f) statement.

Instantly, Appellant recognizes that an excessive sentencing claim will not always raise a substantial question. *See* Appellant's brief at 13. Nevertheless, he asserts that because his sentence is "a virtual life sentence" for non-violent property crimes, he has presented a substantial question. Appellant has not made a boilerplate claim, insofar as he has cited pertinent legal authority that can be read to support his assertion that a substantial question that the sentence was not appropriate under our Sentencing Code exists.

Nonetheless, we caution defendants that a simple citation to *Mouzon, Dodge II,* or another case may not be sufficient where the facts of the case do not warrant the conclusion that there is a plausible argument that the sentence is *prima facie* excessive based on the criminal conduct involved. *See Mastromarino, supra; Gonzalez–Dejusus, supra* (declining to find a substantial question based on an excessive sentence claim); *see also Commonwealth v. Goggins,* 748 A.2d 721 (Pa.Super.2000) (*en banc*) (mere incantations of statutory provisions and legal conclusions are inadequate to determine if a substantial question is raised); *Commonwealth v. Felix,* 372 Pa.Super. 145, 539 A.2d 371 (1988).[7]

Further, we disapprove of Appellant's failure to indicate where his sentences fell in the sentencing guidelines and what provision of the sentencing code was violated. *Goggins, supra.* The Commonwealth, however, has not objected to the adequacy of Appellant's 2119(f), statement. Therefore, we decline to find waiver based on these technical defects. *See Commonwealth v. Gambal,* 522 Pa. 280, 561 A.2d 710 (1989) (discussing that Superior Court may address discretionary sentencing claim absent a 2119(f) statement and holding that it may order supplemental briefing on whether a substantial question was raised where there is no objection to the lack of a 2119(f) statement); *Commonwealth v. Stewart,* 867 A.2d 589 (Pa.Super.2005) (declining to find waiver of sentencing claim due to lack of Pa.R.A.P. 2119(f) statement where Commonwealth did not object); *see also Felix, supra* at 377 (court may look to both Pa.R.A.P. 2119(f) statement and statement of questions presented to determine if substantial questions are raised).

Additionally, we remind Appellant that he has raised four sentencing issues, but only set forth one argument relative to how he has raised a substantial question that the Sentencing Code or a fundamental norm of sentencing was violated. This is improper as Appellant's issues, though intertwined, are distinct. Again, since the Commonwealth has not objected, we will review the statement of questions presented to determine if a substantial question was presented relative to the remaining issues. *Felix, supra* at 377.

█ Essentially, Appellant's position is that the imposition of consecutive sentences in this matter is disproportionate to his crimes. This Court has applied *Mouzon* on multiple occasions and determined that such an assertion, in combination with allegations that a sentencing court did not

---

7. We recognize that there appears to be some tension between the statements in *Commonwealth v. Gonzalez–Dejusus,* 994 A.2d 595 (Pa.Super.2010) and *Commonwealth v. Mastromarino,* 2 A.3d 581 (Pa.Super.2010), that one must look to the criminal conduct at issue in determining whether a substantial question exists relative to an excessive sentencing claim and the holding in *Commonwealth v.* *Goggins,* 748 A.2d 721 (Pa.Super.2000) (*en banc*). The *Goggins* Court held that a Rule 2119(f) statement should not include the nature of the crimes for which sentence was imposed or the specific sentence imposed "because they are unnecessary to determining the existence of a substantial question." *Goggins, supra* at 727. *Goggins,* however, did not involve an excessive sentence issue.

consider the nature of the offenses or provide adequate reasons for its sentence, presents a plausible argument that the length of the sentence violates fundamental sentencing norms. *See Commonwealth v. Vega,* 850 A.2d 1277 (Pa.Super.2004); *Commonwealth v. Parlante,* 823 A.2d 927 (Pa.Super.2003); *see also Commonwealth v. Boyer,* 856 A.2d 149 (Pa.Super.2004). Similarly, in *Commonwealth v. Perry,* 883 A.2d 599, 602 (Pa.Super.2005), this Court

found that an excessive sentence claim, in conjunction with an assertion that the court did not consider mitigating factors, raised a substantial question. *But see Johnson,* 961 A.2d at 880 ("Appellant's assertion of abuse of discretion for imposing consecutive sentences without properly considering mitigating factors fails to present a substantial question to justify this Court's review of his claim."); *Moury, supra* at 175.[8]

8. We are, of course, mindful that it is apparent that this Court's determination of whether an appellant has presented a substantial question in various cases has been less than a model of clarity and consistency, even in matters not involving excessive sentence claims. *Compare Commonwealth v. Montalvo,* 434 Pa.Super. 14, 641 A.2d 1176, 1186 (1994) ("allegation that the sentencing court 'failed to consider' or 'did not adequately consider' facts of record" does not present substantial question); *Commonwealth v. Rivera,* 432 Pa.Super. 125, 637 A.2d 1015, 1016 (1994) (same); *Commonwealth v. Nixon,* 718 A.2d 311, 315 (Pa.Super.1998), *overruled on other grounds by Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617 (2002) ("ordinarily, allegations that a sentencing court 'failed to consider' or 'did not adequately consider' various factors" does not raise a substantial question); *Commonwealth v. Petaccio,* 764 A.2d 582, 587 (Pa.Super.2000), *overruled on other grounds by Mouzon, supra* ("an allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate."); *Commonwealth v. Palmer,* 700 A.2d 988, 994 (Pa.Super.1997), *overruled on other grounds by Commonwealth v. Archer,* 722 A.2d 203 (Pa.Super.1998) (*en banc* ) (same); *Commonwealth v. McNabb,* 819 A.2d 54, 57 (Pa.Super.2003) (failure to "consider certain mitigating factors does not raise a substantial question."); *Commonwealth v. Wellor,* 731 A.2d 152, 155 (Pa.Super.1999) (same); *Commonwealth v. Johnson,* 961 A.2d 877, 880 (Pa.Super.2008) *with Commonwealth v. Boyer,* 856 A.2d 149, 151–152 (Pa.Super.2004) (finding substantial question where defendant argued "that his sentence was manifestly excessive and that the court erred by considering only the serious nature of the offenses and failing to consider mitigating factors such as his age (19) at sentencing, his rehabilitative needs, his limited education, his years of drug dependency, and his family dysfunction."); *Commonwealth v. Perry,* 883 A.2d 599, 602 (Pa.Super.2005) (failure to consider mitigating factors and excessive sentence raised substantial question); *Commonwealth v. Ventura,* 975 A.2d 1128, 1133 (Pa.Super.2009) ("Ventura further asserts that the trial court imposed his sentence based solely on the seriousness of the offense and failed to consider all relevant factors, which has also been found to raise a substantial question."); *Commonwealth v. Downing,* 990 A.2d 788, 793 (Pa.Super.2010) (failure to consider rehabilitative needs and the protection of society in fashioning a sentence raises a substantial question).

Our recognition of the lack of preciseness in our jurisprudence involving what comprises a substantial question is not new. As the learned Judge Joseph Del Sole opined in his dissent in *Commonwealth v. McFarlin,* 402 Pa.Super. 502, 587 A.2d 732 (1991), "Widely divergent and inconsistent views of what constitutes a substantial question have arisen resulting in nonuniform treatment of a defendant's ability to appeal a sentencing matter." *Id.* at 738. He continued, stating, "examination of the caselaw will indicate the practical application of the requirements of Section 9781(b) and Pa.R.App.P. 2119(f) has led to the creation of dubious standards, and allowed for inconsistent results." *Id.* Certainly, analyzing the substantial question issue on a case-by-case basis lends itself to some disparity based on the facts of a case. Nonetheless, it should not result in conflicts in legal principles or allow insignificant differences in the phrasing of an issue to determine whether this Court evaluates a discretionary sentencing claim. Careful litigants should note that arguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question

Recently, in *Commonwealth v. Coulverson*, 34 A.3d 135 (Pa.Super.2011), in a case involving a rape as well as numerous other sexual assault crimes as well as robbery and burglary, this Court found a ninety-year maximum sentence manifestly excessive. Necessarily, prior to vacating the sentence, the *Coulverson* Court determined that a substantial question as to a violation of the fundamental norms of sentence existed. Therein, we stated:

> Coulverson contends that the 90–year maximum sentence the trial court imposed is manifestly excessive. Brief for Appellant at 9. Although he acknowledges that the sentence imposed must be consistent with the protection of the public and gravity of the offense, he also argues that the sentence takes no account of his rehabilitative needs and is disproportionate to the circumstances when adjudged as a whole. To buttress his claim, Coulverson cites the troubled circumstances of his background, his homelessness and destitution, the absence of a prior record score or any record of delinquency, and his remorse and cooperation with the police. We have concluded in prior cases that claims of excessiveness may be justiciable as substantial questions based on the circumstances of the case and the extent to which the appellant's Rule 2119(f) statement suggests the trial court's deviation from sentencing norms. *See Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa.Super.2005) (concluding that appellant's averments of excessiveness of sentence raised a substantial question where trial court couched its reasons for the sentence imposed in terms of the seriousness of the offense and victim impact without consideration of the defendant's expressions of remorse, desire to make restitution, and lack of a prior criminal record). Given the circumstances at issue here as well as the extraordinary length of the maximum sentence, we conclude that Coulverson's related claim does raise a substantial question for appellate review.

*Coulverson, supra* at 143.

*Coulverson* and *Dodge II* bind this Court, and, unless an en banc panel of this Court or our Supreme Court overturns these decisions, we are bound to follow them. Applying the test discussed in *Gonzalez–Dejusus* and *Mastromarino, i.e.,* whether the "decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case[,]" in conjunction with *Coulverson* and *Dodge II*, we find that Appellant has set forth a substantial question for our review with respect to the consecutive nature of his sentence. In addition, we find that Appellant's claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence presents a substantial question for our review. *See Commonwealth v. Riggs*, 2012 PA Super 187, 63 A.3d 780, 786 (averment that court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs" of the defendant raised a substantial question); *Commonwealth v. Downing*, 990 A.2d 788 (Pa.Super.2010); *but see* footnote 7, *supra.* Further, reliance on impermissible sentencing factors can raise a substantial question. *Commonwealth v. Roden*, 730 A.2d 995 (Pa.Super.1999). Finally, we hold that an assertion that the sentencing court ignored this Court's pronouncements in this case also sets forth a substantial question.

whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected.

■ Having concluded that Appellant has posited substantial questions for our review, we proceed to examine the merits of his sentencing challenges. "In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard." *Commonwealth v. Stokes*, 38 A.3d 846, 858 (Pa.Super.2011). Additionally, "this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." *Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa.Super.2009). Section 9781(c) reads:

> (c) Determination on appeal.—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

> In reviewing the record, we consider:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Appellant, in his first issue, argues that the sentencing court did not weigh the protection of the public, the gravity of the offense, his rehabilitative needs,[9] the nature and circumstances of the crimes, or his history and characteristics. He also asserts that the sentencing court did not have an opportunity to observe him since the sentencing judge did not preside over the trial. According to Appellant, the sentencing court focused solely on deterrence and incapacitation. Appellant's brief at 17.

With respect to the protection of the public, Appellant maintains that his offenses were non-violent property crimes and that he had no prior convictions for crimes of violence against a person. He submits that while his offenses undoubtedly upset his victims and the community, the gravity of his offense does not warrant a life sentence because he stole property of minimal value. Appellant also contends that the sentencing court "did not consider [his] rehabilitative needs at all[.]" *Id.* at 15. While acknowledging that he has a lengthy criminal history, he notes that he had no prison misconducts for the last four years, wrote letters of apology to his victims, and demonstrated remorse.

The Commonwealth relies on the sentencing court's Pa.R.A.P. 1925(a) opinion and purports to incorporate by reference the briefs filed in *Dodge I* and *Dodge II*. We note with disapproval the Commonwealth's attempt to incorporate by reference its previous briefs. Our Supreme

---

9. These factors are referenced in 42 Pa.C.S. § 9721. That sentencing provision provides in pertinent part, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

Court spoke plainly on the prohibition against adopting arguments by reference in *Commonwealth v. Briggs*, 608 Pa. 430, 12 A.3d 291 (2011). In *Briggs*, the Court observed:

> "incorporation by reference" is an unacceptable manner of appellate advocacy for the proper presentation of a claim for relief to our Court. *Commonwealth v. Edmiston*, 535 Pa. 210, 238 n. 3, 634 A.2d 1078, 1092 n. 3 (1993) (specifying that all claims a litigant desires our court to consider are required to be set forth in the appellate brief and not just incorporated by reference); *Pines v. Farrell*, 577 Pa. 564, 570 n. 3, 577 Pa. 564, 848 A.2d 94, 97 n. 3 (2004) (holding that reliance on the "briefs and pleadings already filed in this case" was "not a recommended form of advocacy" and noting that "this Court is not obliged to root through the record and determine what arguments, if any, respondent forwarded below, nor are we obliged to fashion an argument on his behalf."). Our rules of appellate procedure specifically require a party to set forth in his or her brief, in relation to the points of his argument or arguments, "discussion and citation of authorities as are deemed pertinent," as well as citations to statutes and opinions of appellate courts and "the principle for which they are cited." Pa.R.A.P. 2119(a), (b). Therefore our appellate rules do not allow incorporation by reference of arguments contained in briefs filed with other tribunals, or briefs attached as appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief. Were we to countenance such incorporation by reference as an acceptable manner for a litigant to present an argument to an appellate court of this Commonwealth, this would enable wholesale circumvention of our appellate rules which set forth the fundamental requirements every appellate brief must meet.

*Id.* at 342–343 (footnote omitted).

The Court continued that incorporation by reference also could render a brief in violation of the rules setting limits on the page numbers of briefs. The *Briggs* Court noted that the briefing mandates of the rules of appellate procedure "are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted[.]" *Id.* Therefore, we decline to consider the Commonwealth's arguments from briefs not submitted to this panel, not part of the certified record, and that the Commonwealth did not attach to the brief presented in this matter.

Nevertheless, we find that Appellant's first issue does not entitle him to relief. Here, after our latest remand, the sentencing court reduced Appellant's minimum sentence from approximately fifty-one and one-half years to forty years and seven months. In doing so, the court imposed sentences on the receiving stolen property counts at the lowest end of the standard range under the sentencing guidelines, but imposed the sentences consecutively. The court, as it did previously, had the benefit of a presentence investigation. Thus, we are required to presume all sentencing factors were weighed. *Macias, supra* at 778.

We recognize that in *Dodge II*, and our most recent unpublished decision in this matter, we held that imposition of a life sentence for nonviolent offenses with limited financial impact was clearly unreasonable. While the sentence at issue could potentially result in Appellant dying behind bars, our earlier decisions made plain that Appellant was deserving of "a lengthy period of incarceration." *Dodge II*, at

1202. Appellant is, of course, entitled to credit for the time he has already served since 2004. Accounting for the time already served, Appellant's current sentence would allow him to be paroled in his early eighties, unlike his original sentence that would have left him incarcerated until he was over 100 years of age, and his previous sentence that would have resulted in his incarceration until he surpassed age ninety-three. The sentence at issue, though lengthy, is not the equivalent of a life sentence.

Instantly, the record confirms that Appellant is a career burglar and his prior record score of five did not adequately reflect his criminal past. Though he has no convictions for crimes of violence against persons, burglary, even when it does not involve the presence of a person inside the structure, was viewed as a violent crime under the common law. *See Commonwealth v. Pruitt*, 597 Pa. 307, 951 A.2d 307, 321 (2008); *Commonwealth v. Gonzalez*, 10 A.3d 1260, 1267 (Pa.Super.2010) (Bowes, J. dissenting) ("although burglarizing an unoccupied structure poses less of a risk of violence than if a person is present, it does not eliminate that risk. As highlighted in the trial court's cogent rationale, the risk of violence to another person is obvious when an intruder breaks into someone else's property intending to commit a crime inside.").

Appellant's crimes, while consisting largely of the receipt of stolen jewelry, also involved firearms and other items of sentimental value. Admittedly, this Court was aware of these factors in our prior decisions; however, the sentence at issue is more lenient than the two prior sentences that we have vacated. Since the court more than adequately considered the pertinent sentencing factors and merely weighed them in a manner inconsistent with Appellant's desires, we find his first issue does not entitle him to relief. *See Macias, supra* at 778.

Next, in a brief two-paragraph argument, Appellant contends that the sentencing court erred in relying on impermissible sentencing factors in imposing its sentence. Appellant avers that the sentencing court incorrectly considered his failure to cooperate with law enforcement officials by "suggesting that his failure to admit to additional offenses and identify sources of stolen property should be considered in deciding the length of the sentence." Appellant's brief at 18. In support of his position, Appellant relies on *Commonwealth v. Bowen*, 975 A.2d 1120 (Pa.Super.2009). Therein, we held that the sentencing court "improperly cited [the defendant's] failure to take responsibility for crimes he never admitted to committing." *Id.* at 1127. However, in *Bowen*, we declined to vacate the sentence based on the trial court's actions. Rather, we opined that significant other factors were present and articulated by the court in justifying its sentence. *Bowen* simply does not compel reversal in this matter. The sentencing court did not justify its consecutive sentencing based solely or primarily on Appellant's lack of remorse or failure to take responsibility for his crimes. Moreover, unlike the defendant in *Bowen*, Appellant did admit to committing the crimes. Hence, Appellant's issue fails.

The third issue Appellant advances on appeal is that the sentencing court erred in imposing consecutive sentences based on the facts of those offenses. In essence, Appellant believes that he is entitled to concurrent sentences because his crimes were theft-related and did not involve violence against people. Appellant cites no case law for this proposition but analogizes his case to the scenario in which a defendant is sentenced in the aggravated range based on factors already considered in the

calculation of the applicable sentencing guideline. In leveling this aspect of his argument, Appellant cites to *Commonwealth v. Simpson*, 829 A.2d 334 (Pa.Super.2003). In *Simpson*, we held that it is improper for a sentencing court to aggravate a sentence based on a factor that is included within the sentencing guidelines, *i.e.*, by double counting an aggravating factor.

Appellant reasons that his sentence was already enhanced by the jury's conclusion that he was in the business of buying and selling stolen property. He continues that the jury reached this conclusion based on the "sheer amount of stolen property possessed." Appellant's brief at 21. Thus, he submits that imposing consecutive sentences at each count is the equivalent of double counting an aggravating factor. Appellant suggests that, while the sentencing court was not precluded from considering the amount of stolen property, its decision to impose consecutive sentences for each victim was arbitrary and capricious. According to Appellant, permitting the sentencing scheme in this case could allow for a defendant who steals $1.41 to be convicted of five counts of theft: stealing a dollar bill, a quarter, a dime, a nickel, and a penny.

The Commonwealth responds that "receiving stolen property transcends the mere theft of personal property," and "persons who deal in purloined personal property over a period of time, on an extensive scale, and to the total detriment of the community and its citizens, should not be given a sentence that results in a volume discount." Commonwealth's brief at 3. It maintains that the value of the stolen items is inconsequential and marginalizes the victims who may have been unable to own monetarily valuable property. The Commonwealth argues that the loss of personal property with sentimental value from one's home can have as serious an impact on the victims and the community as the loss of monetarily valuable items.

■ We cannot agree that sentencing Appellant to consecutive counts for each receiving stolen property victim is tantamount to double counting an aggravating factor. This is because there are numerous victims. Such a broad-based holding would greatly reduce a sentencing court's discretion to impose consecutive sentences. Appellant's analogy to a theft of $1.41 is also entirely unconvincing and inapt. The individual in Appellant's hypothetical committed one theft involving one victim. Appellant committed a host of crimes with multiple victims. At its core, Appellant's argument is that he is entitled to concurrent sentences despite there being multiple victims because he was determined to be in the business of receiving stolen property. There is no case law that supports such a holding. Indeed, as the sentencing court cogently stated, "[h]is is the perverse argument that the more crimes one commits, the greater the justification for concurrent sentences." Trial Court Opinion, 6/1/12, at 23. Appellant's failure to cite to any truly analogous authority in support of his argument is not surprising given the lack of precedent for such a position. We decline to establish that precedent based on the argument presented herein.

We add that our Supreme Court in a *per curiam* reversal of this Court in *Commonwealth v. Klueber*, 588 Pa. 401, 904 A.2d 911 (2006), indicated that standard range consecutive sentences are not clearly unreasonable where the trial court relies on the defendant's prior history and a finding that he was a high risk to re-offend. The defendant in *Klueber* was convicted of 134 counts for possession of child pornography. He was sentenced to standard range sentences of three to six months, but the sentences were imposed consecutively so that he received a thirty-three-and-one-

half to sixty-seven-year term of imprisonment. Here, the sentencing court relied on Appellant's lengthy criminal background as well as the sheer number of victims involved in handing down its sentence, and its belief that Appellant's apology to his victims rang hollow. We discern no abuse of discretion in this decision.

Appellant's final argument is that the sentencing court ignored this Court's prior decisions in imposing the sentences. He contends that this Court has previously vacated two similar sentences due to their excessive nature. Appellant suggests that the law of the case doctrine precluded the sentencing court from reopening previously decided issues and points to the earlier unpublished memorandum in this matter.

■ Appellant has misapprehended the law of the case doctrine. Nowhere in any of our decisions in this matter can it be found that Appellant is entitled to concurrent sentences or a sentence that is not substantial. *Dodge II* held that Appellant could not be sentenced to the equivalent of life imprisonment for property crimes. Our later decision echoed that finding where the court marginally reduced Appellant's sentence. Contrary to his earlier sentences, Appellant's current sentence does not result in a sentence of life imprisonment or incarceration past the age of ninety. Although the sentencing court's diatribe on the substantial question issue in its 1925(a) opinion was unquestionably hostile to this Court's prior pronouncements, we cannot agree that it ignored the holding of those decisions in imposing the actual sentence. Simply put, consecutive low-end standard range sentences for a career criminal who victimized more than forty people, resulting in incarceration past the age of eighty, is not clearly unreasonable.

Judgment of sentence affirmed.

Judge WECHT files a Dissenting Opinion.

## DISSENTING OPINION BY WECHT, J.

Over nine years, in three separate decisions, this Court has reviewed the sentences imposed upon Timothy Dodge ("Appellant") in the Court of Common Pleas of Bradford County. *See Commonwealth v. Dodge,* 859 A.2d 771 (Pa.Super.2004) (*"Dodge I "*), *vacated,* 594 Pa. 345, 935 A.2d 1290 (2007); *Commonwealth v. Dodge,* 957 A.2d 1198 (Pa.Super.2008) (*"Dodge II "*); *Commonwealth v. Dodge,* 26 A.3d 1204 (Pa.Super.2011) (unpublished memorandum) (*"Dodge III "*). In each and every instance, this Court determined that the trial court had abused its discretion by imposing consecutive sentences based upon non-violent property crimes to the extent that the sentences amounted to virtual life sentences.

On each remand, the Court of Common Pleas of Bradford County ignored the bases and binding authorities offered by this Court in vacating the sentences. Instead, the trial court opted to reduce Appellant's sentence incrementally, in the apparent hope that someday this Court would apply its stamp of approval to these sentences. The practical effect of the sentence that we review today differs in no material way from the one that we first rejected nine years ago, and then again five years ago, and yet again two years ago. Nonetheless, today the learned majority implicitly condones the trial court's defiance of our prior decisions, and applies that heretofore elusive stamp of approval. *See Dodge I,* 859 A.2d at 779 ("We do not, and indeed cannot, rubber stamp all consecutively-run sentences[.]").

I respectfully, but adamantly, dissent.

Initially, I agree with the majority that Appellant has presented a substantial question warranting our discretionary review of his sentence. *See* Maj. Op. at 1273. The majority correctly determines

that the consecutive nature of Appellant's sentence, as it relates in proportion to the nature of the crimes to which Appellant pleaded guilty, raises a substantial question. *Id.* The consecutive nature of Appellant's sentence has been at the core of each of our prior decisions, but not only in the context of the substantial question analysis. To be sure, the consecutive nature of Appellant's sentence has been the sole reason that this Court thrice has held that Appellant's sentence was a patent abuse of the trial court's discretion. Yet, the majority departs in substance from the prior decisions authored by our learned colleagues. A review of those cases is necessary to comprehend fully the majority's unwarranted deviation from our prior decisions.

In *Dodge I*, we reviewed Appellant's fifty-eight and one-half to one hundred and twenty-four year sentence. The sentence, in part, was comprised of thirty-seven consecutive sentences for receiving stolen property. 859 A.2d at 779. At the time that the sentence was imposed, Appellant was forty-two years old. Thus, at his minimum release date, Appellant would have been one hundred and one-half years old. *Id.* With the utmost clarity, we held that the consecutive nature of the sentence was "clearly unreasonable" and an abuse of the trial court's discretion. *Id.* at 781; *see* 42 Pa.C.S. § 9781(c)(2) (requiring an appellate court to vacate a sentence when "the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable"). In doing so, we noted, *inter alia*, that the trial court "appears to have a fixed purpose of keeping Appellant in jail for his life." *Id.* We further noted that the trial court failed to "engage in a meaningful analysis of the gravity of the offenses," principally because the receiving stolen property offenses involved property with little to no monetary value, and because

the two burglaries did not involve any violence to a person. *Id.* Any thought that our decision was not predicated upon the consecutive nature of the sentences imposed is quickly disabused upon review of the instructions we assigned the trial court to follow on remand. We specifically directed the trial court "to address, when fashioning the sentence for the [forty] counts of receiving stolen property, whether some, if not many, of these sentences more appropriately should run concurrent[ly] to others." *Id.*

The trial court did not get an immediate opportunity to resentence Appellant. Our Supreme Court granted *allocatur* and, by order, vacated our *Dodge I* order. The Court remanded the case to this Court with directions to consider the High Court's decision in *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957 (2007). *Commonwealth v. Dodge*, 594 Pa. 345, 935 A.2d 1290 (2007) (per curiam).

On remand, in *Dodge II*, we considered *Walls*, and the Supreme Court's clarification of the standard of review in challenges to the discretionary aspects of a sentence, and we again concluded that Appellant's sentence was an abuse of discretion. We reiterated that the trial court properly had considered the sentencing guidelines, Appellant's prior history and attempts at rehabilitation, and the impact that Appellant's crimes had on the victims of his crimes. *Dodge II*, 957 A.2d at 1201. We further noted that we had no inherent problem with the trial court's conclusion that Appellant's excessive criminality warranted a lengthy term of incarceration. *Id.* at 1202. However, we nonetheless concluded that the consecutive nature of Appellant's sentence, imposed in large part for receiving stolen property convictions which stemmed from, *inter alia*, Appellant's retention of stolen costume jewelry that lacked any significant monetary value,

was clearly unreasonable in that it essentially guaranteed life imprisonment for Appellant. *Id.*

At resentencing, the trial court, having the benefit of our clear explanation of what we determined to be the justification for finding that the trial court abused its discretion, nonetheless sentenced Appellant to an aggregate term of fifty-one years, four months and thirty days to one hundred and twenty-two years' imprisonment. In effect, the trial court again sentenced Appellant to a life sentence. In other words, the trial court ignored our decisions in *Dodge I* and *Dodge II*, and fashioned a materially indistinguishable sentence from that which we found to be clearly unreasonable.

On appeal, in *Dodge III,* an unpublished decision, we once again held that the trial court abused its discretion. We stated that "we find no meaningful distinction between the trial court's imposition of a [fifty-one years, four months and thirty days to one hundred and twenty-two years] year life sentence on remand and the [fifty-eight year to one hundred and twenty-four] year life sentence previously found excessive and irrational by this Court in *Dodge [II]*." *Dodge III,* slip op. at 4.

Our prior decisions in this case make one thing perfectly clear: the consecutive nature of Appellant's sentence, which resulted in virtual life sentences largely for non-violent property crimes (including monetarily worthless costume jewelry), was disproportionate and clearly unreasonable pursuant to 42 Pa.C.S. § 9781(c)(2). No other reading of these cases is sustainable, and the trial court could not reasonably have been confused as to what we found problematic in this case. We repeatedly made clear that the specific problem that we found which constituted an abuse of discretion was the consecutive nature of the receiving stolen property sentences, and not the individual sentence imposed upon each receiving stolen property count. Appellant's most recent sentence is forty years and seven months to eighty-one years and two months of incarceration. The trial court again sentenced Appellant to consecutive sentences on thirty-seven receiving stolen property counts. The fact that each sentence was in the lower end of the standard range of the sentencing guidelines is of little moment. It is clear to me that, when the trial court resentenced Appellant on the first remand to another virtual life sentence, the trial court disregarded yet again the essence of our rationale for ordering re-sentencing. Now that the court has done the same thing a second time, I must infer that the trial court has no intention of taking our rulings seriously. The sentence that we review today is yet another attempt by the trial court to keep Appellant in prison for life, reflecting the trial court's obstinate determination to defy the plain, repeated substance of our prior orders.

As disconcerting as that is, I am even more troubled that the majority has now given in. When Appellant reaches his minimum release date, he will be approximately eighty-four years old. Astoundingly, the majority determines that this sentence no longer amounts to a virtual life sentence. *See* Maj. Op. at 1275–76. The majority draws a distinction between the prior sentence that we vacated, which would have held Appellant in prison until he was ninety-three, and the trial court's latest attempt to circumvent our prior decisions. Needless to say, the majority provides no medical or scientific evidence to substantiate its exceedingly fine distinction. Common sense dictates the contrary conclusion. While they certainly do their best to deliver services under difficult circumstances, prisons do not have a reputation for prolonging a person's life. Nonetheless, I cannot discern any principled

basis, in common sense or in our case law, for distinguishing between holding a prisoner until that person is eighty-four and until that person reaches the age of ninety-three, particularly in light of the character of the crimes for which Appellant was sentenced. The majority provides nothing of substance to support its contrary conclusion.

Appellant argues, *inter alia*, that his consecutive sentences continue to amount to a virtual life sentence and that the trial court abused its discretion because the sentence is disproportionate to the nature and circumstances of his offenses. Brief for Appellant at 22–25. We recently addressed the proportionality between a sentence and the convicted offenses in *Commonwealth v. Williams*, 69 A.3d 735 (Pa.Super.2013). In *Williams*, we reviewed a twenty-four and two month to forty-eight year and four month sentence, which was imposed after the appellant violated her probation on multiple burglary convictions. The sentence was also ordered to run consecutively to a new seven to twenty-year sentence imposed on the appellant's convictions of new criminal charges. *Id.* at 738–39.

Addressing proportionality, we stated the following:

[42 Pa.C.S. § 9721(b) ] constrains a sentencing court's discretion in that it requires that any sentence imposed be *"consistent with* the protection of the public, the gravity of the offense[,] ... and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b) (emphasis added). A sentence that disproportionally punishes a defendant in excess of what is necessary to achieve consistency with the section 9721(b) factors violates the express terms of 42 Pa.C.S. § 9721(b), as would a sentence that is disproportionately lenient. Certainly consistency with section 9721(b) factors does not require strict proportionality in

sentencing, and the nonquantifiable nature of the factors considered would not permit such a rule in any event. However, a sentence that is clearly and excessively disproportionate is, by definition, inconsistent with "the protection of the public, the gravity of the offense[,] ... and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

\* \* \*

We agree [with the trial court] that [the appellant's] recidivism required an escalation of sanctions. The issue is one of proportionality. That principle does not undermine the sound reasoning that escalating penalties are required to deter recidivism, but instead strengthens it by preventing unreasonable interpretations that undermine public confidence in the criminal justice system as a whole. Tolerance of such incongruities on the grounds of appellate deference to trial court discretion undermines our commitment to individualized sentences, and renders the noble penological goal of sentence individualization indistinguishable from arbitrary justice.

*Williams*, 69 A.3d at 742–43.

The *Williams* panel of this Court ultimately concluded that, even though the burglaries for which the appellant was sentenced involved a small amount of violence to at least two people, the sentence was disproportionate to the appellant's crimes, and, therefore, manifestly excessive. *Id.* at 744.

In the instant case, I would first hold that Appellant's sentence is "clearly unreasonable" pursuant to 42 Pa.C.S. § 9781(c)(2), as my learned colleagues have done on multiple prior occasions. I also would hold that Appellant's sentence was disproportionate to his crimes pursuant to 42 Pa.C.S. § 9721(b), as this Court did in *Williams*. In *Williams*, the appellant committed seven burglaries, two of

which involved at least some violence to people. By contrast, Appellant's two burglaries did not involve any violence. Indeed, no people were present when the burglaries occurred. The shockingly excessive portion of Appellant's sentence was imposed on the receiving stolen property counts, which this Court previously has characterized largely as involving property having little to no monetary value. While every situation is different, and while each sentence requires consideration of individual characteristics, I nonetheless find *Williams* to be particularly persuasive in this case.

As noted frequently above, the trial court appears determined to defy our prior decisions with regard to the consecutive nature of the sentences. Its defiance seems calculated to achieve what the *Dodge I* and *Dodge II* panels manifestly concluded to be an improper outcome in this case: the imposition of a sentence that ensures that Appellant, a serial but non-violent petty thief, remains incarcerated for the rest of his natural life. This being the trial court's unmistakable goal, I also would hold that Appellant's sentence was an abuse of discretion because it was the product of "partiality, prejudice, bias or ill will[.]" *Commonwealth v. Rodda,* 723 A.2d 212, 214 (Pa.Super.1999) (*en banc* ).

The trial court willfully ignored the clear rationale underlying our prior decisions. That court reduced the amount of time imposed upon each individual count, which plainly was not the sentencing problem that we identified in our prior decisions. The trial court failed to alter the consecutive nature of the sentences, which, we made plain, was the ongoing problem. Thus, what resulted is yet another virtual life sentence for multiple non-violent property offenses. The majority now embosses its stamp of approval upon a sentence that differs in no significant way from the ones we have struck down in the past. In doing

so, the majority vindicates the trial court's defiance and intransigence. The majority does so without offering a meaningful distinction, other than its own bald and arbitrary declaration that a minimum release date from prison at eighty-four years old is not akin to a life sentence. I cannot agree. Therefore, I respectfully dissent.