J. S01020/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SAMUEL ALAN ZUBACK JR., | : | |
| | : | |
| Appellant | : | No. 923 MDA 2016 |

Appeal from the Judgment of Sentence May 2, 2016
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000279-2013

BEFORE: GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.: **FILED JANUARY 31, 2017**

Appellant Samuel Alan Zuback, Jr., appeals from the Judgment of Sentence entered upon the revocation of his intermediate punishment sentence resulting after he pled guilty to his fourth offense of Driving Under the Influence ("DUI"). Appellant challenges the discretionary aspect of his sentence imposed on revocation. We affirm.

On October 28, 2013, the Clinton County Court of Common Pleas ("CCP") sentenced Appellant to a term of 60 months' intermediate punishment after Appellant pled guilty to his third DUI, 75 Pa.C.S. § 3802(a).[1] The sentence included restrictive intermediate punishment of 60 days served at a work release center, followed by 300 days of house arrest

---

[1] His first two DUI offenses occurred in 2003 and 2004, respectively.

with secure continuous remote alcohol monitoring, and 30 days intensive supervision with continuous alcohol monitoring.

On January 17, 2016, Appellant was arrested in Centre County and charged with his fourth DUI. On March 23, 2016, Appellant pled guilty to the Centre County DUI.[2] Clinton County Adult Probation Services filed a Petition to revoke Appellant's Intermediate Punishment.

On April 4, 2016, the Clinton County CCP took judicial notice of Appellant's Centre County guilty plea, revoked his Clinton County Intermediate punishment, and ordered a presentence investigation report.

On May 2, 2016, after a hearing, the Clinton County CCP resentenced Appellant to a term of 642 days' to 48 months' incarceration at the Clinton County Correction Facility, with 360 days credit for time served previously, and an additional 3½ months' credit for time spent in custody from January 22, 2016. The court ordered that the sentence be served consecutively to any sentence imposed by the Centre County CCP, and also ordered that Appellant be immediately eligible for work release. Appellant filed a timely Post-Sentence Motion to Modify Sentence to "time-served," which the court ultimately denied without a hearing.

On June 2, 2016, Appellant filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[2] The Centre County CCP imposed a term of incarceration.

Appellant raises the following five issues for our review:

1. Whether the sentencing court failed to appropriate consider Appellant's compliance with his original sentence, including sixty (60) days of incarceration at Clinton County Correctional Facility and three hundred (300) days of GPS house arrest without incident?

2. Whether the trial court committed an abuse of discretion in failing to appropriately consider that Appellant satisfied all financial obligations underlying the original sentence?

3. Whether the trial court committed an abuse of discretion in failing to appropriately consider the fact that Appellant's fiancé[e] is in the midst of a high-risk pregnancy without adequate family/financial support, instead sentencing Appellant to a period of incarceration scheduled to end weeks after her due date?

4. Whether the trial court committed an abuse of discretion in failing to appropriately consider the fact that Appellant is in the midst of obtaining a college degree and cannot adequately do so while incarcerated?

5. Whether the trial court failed to appropriately consider Appellant's sentence on the new DUI in Centre County, which the sentencing court believed to be a sixty (60) day sentence when, in fact, Appellant was sentenced to a minimum of ninety (90) days of incarceration?

Appellant's Brief at 7.

Each of Appellant's issues challenge the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted). Rather, Appellant must first meet his burden of satisfying the following four elements before we will review the discretionary aspect of a sentence:

(1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** (quoting ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)).

Here, Appellant met the first three elements by filing a timely Notice of Appeal, properly preserving the issues in a post-sentence motion, and including in his brief a Statement of Reasons Relied Upon for Allowance of Appeal, pursuant to Pa.R.A.P. 2119(f). Accordingly, we next determine whether Appellant's claims present a "substantial question" for review.

An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted). An argument that the sentencing court failed to consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review. ***Commonwealth v. Hanson***, 856 A.2d 1254, 1257-58 (Pa. Super. 2004). ***See also Commonwealth v. Griffin***, 804 A.2d 1, 9 (Pa. Super. 2002) (citing ***Commonwealth v. Williams***, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (an allegation that the sentencing court did not adequately consider

various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence)). Moreover, on appeal, the appellant "must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013).

Here, Appellant avers that the sentence imposed following the revocation of his intermediate punishment sentence was "unduly harsh and place[d] an undue burden upon not only the Appellant, but also his fiancée, who is in the midst of a high-risk pregnancy and is without adequate financial and family support while Appellant is incarcerated." Appellant's Brief at 11. He also notes that he has "a history of successful incarceration … during which [he] maintained successful employment and satisfied all financial obligations owed in this matter." ***Id***. Appellant acknowledges that his sentence is within the maximum sentencing range, but avers that the sentence was "not aimed at successfully rehabilitating the Appellant, but rather, denied Appellant an opportunity to continue with his successful life outside of incarceration." ***Id***.

It is clear from our precedent that Appellant has failed to raise a substantial question as to his sentence. ***See, e.g., Commonwealth v. Cannon***, 954 A.2d 1222, 1228–29 (Pa. Super. 2008) (finding no substantial

question raised by a claim that the trial court failed to consider the defendant's rehabilitative needs, age, and educational background); ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792-93 (Pa. Super. 2001) (finding no substantial question raised by a claim that the probation revocation sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive where sentence was within statutory guidelines and within sentencing guidelines); ***Commonwealth v. Coss***, 695 A.2d 831, 833-34 (Pa. Super. 1997) (holding that, when the sentence imposed falls within the statutory limits, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question).

Moreover, Appellant concedes that his sentence is within the statutory limits. His statement -- that the sentence imposed was not aimed at his rehabilitation – does not inform us of "what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm." ***Dodge***, ***supra*** at 1268.

Because Appellant has failed to raise a substantial question, we will not address the merits of Appellant's sentencing claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017