J-S45024-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD TERRELL, | |
| Appellant | No. 1671 EDA 2013 |

Appeal from the Judgment of Sentence May 10, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-01103791-2005, CP-51-CR-
02065551-2006, CP-51-CR-0016127-2009

BEFORE:  BOWES, WECHT, and FITZGERALD,[*] JJ.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:

**FILED NOVEMBER 26, 2014**

Appellant failed to preserve at sentencing or in his three separate motions for reconsideration the discretionary sentencing arguments he now advances on appeal, except for his assertion that his sentence was manifestly excessive.  The learned majority errs in stating that Appellant's challenge to the court's alleged failure to consider the required sentencing factors was "clearly . . . . preserved in his post-sentence motion."  Majority Memorandum at 4.  Nowhere in his post-sentence motion did Appellant set forth that the sentencing court failed to consider the relevant sentencing

---

[*]  Former Justice specially assigned to the Superior Court.

criteria. Rather, Appellant merely challenged the excessiveness of the sentence. These two claims are obviously distinct. *See Commonwealth v. Dodge*, 77 A.3d 1263 (Pa.Super. 2013). Similarly, Appellant did not preserve any argument relative to the court's failure to order a presentence report. Accordingly, he is not entitled to relief on that issue. I therefore concur in the result of the learned majority's rejection of Appellant's discretionary sentencing claims relative to the trial court's failure to consider the appropriate sentencing factors and its failure to order a presentence report. In addition, I note that I find his position that his sentence was manifestly excessive to be without merit.

However, I must respectfully dissent from the majority's award of relief based on Appellant's claim that the trial court's sentence was the product of bias and ill-will. The majority contends that this issue was preserved at sentencing because the sentencing court interrupted counsel after counsel responded to the trial court's earlier reference to Appellant as an animal. As the majority notes, counsel stated, "this notion that he's an animal who is going to kill somebody, I mean, I gave what his total sum convictions are—" N.T., 5/10/13, at 20.[1]

---

[1] Sentencing counsel did not object to the court's statements at the time they were made and only referenced the animal statement in presenting his own argument. Counsel at sentencing also expressly set forth that he believed the sentence was excessive, but never contended the sentence was the result of bias or ill-will.

The full context of this exchange demonstrates that Appellant was not raising a bias claim, but was maintaining that Appellant's criminal record consisted of only four convictions: simple assault, resisting arrest, carrying a firearm without a license, and false identification, as well as one juvenile adjudication. The majority nonetheless cites ***Commonwealth v. Smith***, 69 A.3d 259 (Pa.Super. 2013), for the proposition that because the sentencing court in this matter interrupted counsel, he prevented counsel from asserting bias. ***Smith*** is simply inapposite as it related to the defendant's multiple attempts to either request new counsel at sentencing or to proceed *pro se*. The court there repeatedly expressed no interest in hearing the defendant and instructed him to pursue his rights with this Court. Here, unlike ***Smith***, the Court did not cut off all attempts by Appellant to relate his sentencing claims. Indeed, counsel continued by arguing various mitigating factors and, at the end of the proceeding, expressly leveled an excessiveness challenge. ***Smith*** is neither persuasive nor controlling in this context. Indeed, Appellant actually leveled this aspect of his position for the first time in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Accordingly, this portion of his argument is waived, and it is improper for the majority to afford relief on that claim. ***See Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*).[2]

---

[2] The majority concludes that a finding of waiver would be hyper-technical. I myself am frequently loathe to find waiver, especially where there is no
*(Footnote Continued Next Page)*

- 3 -

Even assuming *arguendo* that counsel's reference to the sentencing court's statement that Appellant was an animal implicitly preserved an issue of bias and ill-will, which the court certainly did not perceive since it did not address the contention at sentencing, and only was provided an opportunity to discuss the issue after it lost jurisdiction in its Rule 1925(a) opinion, the claim still fails on its merits.

The trial court's statement that Appellant was a crime wave is supported by the record. Appellant had twenty-two or twenty-three arrests, including multiple arrests while on probation. In several of those instances, the victim was his wife, who declined to press charges. The court's outrage over Appellant's alleged abuse of his wife, and its claim that his wife could "wind up dead" is, in my respectful view, entirely warranted. N.T., 5/10/13, at 14, 15. Spousal abuse is a serious problem. It has recently and viscerally come to the forefront of society with the high profile case involving a popular NFL player, Ray Rice, and his videotaped knocking out of his then-fiancée in an elevator. Certainly, a sentencing court has an obligation to

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

clear case law or rule providing for such waiver, **see In re K.A.T.**, 69 A.3d 691 (Pa.Super. 2013) (Bowes, J., concurring), or, the court, prior to losing jurisdiction, was afforded an adequate opportunity to address the issue and did so correctly. **See In re T.P.**, 78 A.3d 1166 (Pa.Super. 2013). This, however, is not the case herein. Caselaw on discretionary sentencing claims is legion on the issue of waiver. The majority's finding of non-waiver, while novel, is merely an attempt to circumnavigate well-ensconced principles in order to arrive at its desired result: admonishing the sentencing court.

afford the victims of such abuse protection from her abuser even if she is unwilling to recognize the danger posed by an abusive spouse or boyfriend.

Instantly, the majority acknowledges that Appellant's sentence alone does not reflect bias. **See** Majority Memorandum, at 15. In addition, it openly concedes that "the bulk of the court's comments are supported by the record[.]" **Id**. Nonetheless, it remands for the repeat of sentencing because the trial court, in indicating that it did not want to hear from Appellant's wife, stated, "she'll probably get up here and try to exonerate this animal, which I'll hear none of." N.T., 5/10/13, at 16.

This reference is a far cry from the sentencing court's actions in **Commonwealth v. Williams**, 69 A.3d 735 (Pa.Super. 2013), and **Commonwealth v. Spencer**, 496 A.2d 1156 (Pa.Super. 1985). In **Williams**, the defendant was sentenced to twenty-four years and two months incarceration to forty-eight years and four months incarceration. This sentence was imposed after the sentencing court badgered the defendant, called her a pathological liar without support from the record, and described her as a classic sociopath. The sentence in question in **Spencer** was thirty-five to seventy years incarceration. There, the defendant viciously robbed multiple elderly citizens. The sentencing court opined,

> I feel that the defendant as a result of his activity has forfeited his right to exist in this community, on the street at least, and that the elderly of this City must be protected from animals such as this. And I shouldn't use the term "animals"

because, as I have said, it denigrates the animal kingdom when referring to people like this.

If there was ever a case where the death penalty should be imposed, I would gladly pull the switch on you, Chief. I can't think of anything worse that you could do to human beings than what you did to these elderly people. And you consistently did it. You went back and went back. It wasn't an isolated instance.

You took advantage of people on their death beds. I think the youngest victim was 79. The oldest was 89, who subsequently died as a result of your activity. But that's not the case before me. That's just another one of your little asides.

Elderly people in this City must be protected from animals like you. When you get out of prison, you are going to be part of that elderly, I hope anyhow.

**Spencer**, **supra** at 1163. The statement of the sentencing court herein pales in comparison. Further, the sentence in this matter is not even remotely close to those imposed in **Williams** and **Spencer**. Those cases simply do not warrant reversal in this matter.

I recognize that the author of the learned majority has lost confidence in this sentencing court's ability to sentence impartially. My faith in my trial court brethren in this matter has not been shaken, nor do I find the sentencing court's statement to indicate that its actual sentence was biased. I cannot agree that it confused imposing sentences upon humans with animals or descended down a worrisome path. **See** Majority Memorandum, at 17. The sentencing court was rightly appalled, and in its disgust for Appellant's disregard for his probation, used a term that is certainly less than judicial. Hyperbole aside, the aggregate sentence imposed of five to

ten years on three separate crimes hardly warrants the conclusion that its judgment was so impaired that the court acted purely from passion and without regard to the law. Sentencing courts already are tasked with the difficult job of fashioning individualized sentences. Although in a perfect world no sentencing judge would ever misspeak or use less than temperate words, we should not be second-guessing those sentences based on a singular passing reference.

For the aforementioned reasons, I dissent from the majority's grant of sentencing relief on Appellant's unpreserved bias claim and would affirm.