J-S18008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRISTAN LAFRANCE MORRISON, | |
| Appellant | No. 1382 MDA 2015 |

Appeal from the Judgment of Sentence July 8, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):
CP-36-CR-0002606-2009
CP-36-CR-0002849-2009
CP-36-CR-0003484-2009
CP-36-CR-0004252-2013
CP-36-CR-0004420-2013
CP-36-CR-0004492-2013
CP-36-CR-0005353-2013

BEFORE:  BOWES, LAZARUS AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 16, 2016**

Tristan LaFrance Morrison appeals from the July 8, 2015 judgment of sentence imposed after he was found in violation of probation and/or parole at seven criminal action numbers.  We affirm.

The present appeal involves seven criminal actions filed in Lancaster County.  Three criminal cases were initiated against Appellant in 2009.  At case number 2606 of 2009, Appellant was charged with retail theft graded as a first-degree misdemeanor after, on April 18, 2009, he stole an 18-volt

_____
* Retired Senior Judge assigned to the Superior Court.

DeWalt Combo kit and a gas weed trimmer, which were worth approximately $600, from Lowe's on 25 Rohrerstown Road, East Hempfield Township. The offenses charged at criminal action number 2849 of 2009, included making unsworn falsifications to authorities, false identification, possession of cocaine and possession of drug paraphernalia. On April 22, 2009, Appellant was arrested for possession of cocaine, and drug paraphernalia and then falsely informed police that he was Thurston Morrison. He then executed a prisoner possession sheet with the same name. At case number 3484 of 2009, Appellant was accused of felony possession of a controlled substance (cocaine) with intent to deliver ("PWID") and conspiracy to commit PWID. On April 9, 2009, in concert with Korie Melton and Andrew Cole, Appellant delivered crack cocaine for $100 to an undercover police officer on the 900 block of Buchanan Avenue, Lancaster.

On August 19, 2010, Appellant tendered a negotiated guilty plea at cases numbered 2606, 2849, and 3484 of 2009. Appellant received two years probation at the first two action numbers. On the third case, the felony PWID, Appellant was given a split sentence of two to four years in state prison followed by four years probation.

There were four cases filed in 2013. At case number 4252 of 2013, Appellant was charged with retail theft as a first-degree misdemeanor. On August 10, 2013, Appellant left a K-Mart Store located at 1890 Fruitville Pike, Manheim Township with a television worth $699.99 and failed to pay

for it. At action number 4420 of 2013, Appellant was accused of retail theft, conspiracy to commit retail theft, and escape. On August 27, 2013, Appellant stole a television worth $398 from the K-Mart on 1127 South Reading Road, Ephrata Township, and placed it in a car driven by Justin Clawson. The two men were stopped by police, and, after being told that he was under arrest, Appellant fled. He was apprehended two blocks later. At case number 4492 of 2013, Appellant was charged with retail theft after he was captured on tape stealing a television worth $498 on August 15, 2013, from a Walmart located on 890 East Main Street, Ephrata Township. At case number 5353 of 2013, Appellant was charged with retail theft after he left the K-Mart store on 2600 Willow Street Pike, West Lempeter Township, with a $179.99 Keurig coffeemaker without paying for it. That offense occurred on August 15, 2013.

On January 9, 2014, Appellant entered a guilty plea at the four 2013 criminal actions. At sentencing in those matters, Appellant received the following terms of incarceration in county jail: 1) six to twelve months for the retail theft at number 4252; 2) at number 4420, three to twenty-three months for the conspiracy and retail theft counts as well as a term of six to twenty three months on the escape charge; 3) for the retail theft at number 4492, three to twenty three months; and 4) on the final retail theft at case number 5353, to six to twenty three months.

After Appellant was charged with committing a 2015 retail theft, he was charged with violating probation and/or parole in all seven 2009/2013 cases. On May 5, 2015, Appellant was found in violation of probation and/or parole, and sentencing was deferred. On July 8, 2015, Appellant entered a negotiated guilty plea to the 2015 theft offense, and proceeded immediately to sentencing in the 2009 and 2013 cases. At all the cases, with the exception of 3484 of 2009, Appellant was ordered to serve the unexpired balance of parole. At 3484 of 2009, appellant received a jail term of two to four years. Appellant filed a motion to modify his sentence on July 9, 2015, and that motion was denied the same day. In this timely appeal filed on August 7, 2015, Appellant maintains:

I. Was a sentence of two to four years incarceration for a probation and parole violation so manifestly excessive as to constitute too severe a punishment and clearly unreasonable under the circumstances of this case, as it was not consistent with the protection of the public, the gravity of the offenses, and the rehabilitative needs of the defendant, and the court did not impose an individualized sentence which took into consideration Mr. Morrison's circumstances?

Appellant's brief at 5.

Appellant's challenge on appeal relates solely to action number 3484 of 2009, where he pled guilty to felony PWID, and for which he originally received a split sentence of imprisonment followed by probation. His parole and probation in that case were both revoked, and on July 8, 2014, he received a new sentence of two to four years in a state correctional

- 4 -

institution. His position on appeal relates to the discretionary aspects of his sentence.

A defendant does not enjoy an automatic right to direct review of the discretionary aspects of a sentence. ***Commonweath v. Haynes***, 125 A.3d 800 (Pa.Super. 2015). Instead, our jurisdiction is invoked only when a four-part test is satisfied: 1) the appeal must be timely; 2) the issue has to have been preserved in a motion to reconsider or by objection at sentencing as well as in response to an order to file a Pa.R.A.P. 1925(b) statement; 3) the appellate brief must contain the statement required by Pa.R.A.P. 2119(f); and (4) that statement has to raise the existence of a substantial question that the sentence is not appropriate under the Sentencing Code. ***Id***.

In this case, the appeal was timely, and the contention was preserved in a post-sentence motion to modify and in Appellant's Pa.R.A.P. 1925(b) statement. Also, Appellant's brief contains a Pa.R.A.P. 2119(f) statement of reasons for allowance of appeal from the discretionary aspects of his sentence. He maintains that the court violated the provisions of the Sentencing Code by failing to consider his need for drug and alcohol rehabilitation. This position raises the existence of a substantial question. 42 Pa.C.S. § 9721(b) (when determining whether to impose a sentence of imprisonment, the court must follow the precept that the sentence of confinement must be "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and

on the community, and the rehabilitative needs of the defendant."); ***Commonwealth v. Dodge***, 77 A.3d 1263, 1273 (Pa.Super. 2013) (finding that defendant's "claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence presents a substantial question for our review); ***Commonwealth v. Riggs***, 63 A.3d 780 (Pa.Super. 2012) (averment that trial court failed to consider factors outlined in § 9721 raised a substantial question).

We now proceed to review Appellant's averment on the merits. After a trial court revokes probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). The court cannot impose total confinement after revoking probation absent a finding that: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c).

In the present case, Appellant was convicted of another crime, justifying a sentence of imprisonment under § 9771(c). Whether we are viewing a sentence on direct appeal or in the revocation setting, it is settled that "the trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate

review in determining whether the trial court abused its discretion in fashioning an appropriate sentence." ***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa. 2014). The rationale behind according trial courts this broad discretion is "that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." ***Id***. (citation and quotation marks omitted). First, "the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review." ***Id***. Additionally, "the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed." ***Id***.

Herein, the sentencing court had the benefit of a pre-sentence report. That report, to which Appellant had no corrections, indicated that Appellant, then age forty-two, had a long history of drug addiction and began to use drugs as a teenager. In light of the court's use of a pre-sentence report, we must presume that the "sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Id***. at 28 (citation omitted). Indeed, the sentencing court expressly stated to Appellant, "I've considered your rehabilitative needs, including the fact there is little to indicate that you have made any attempt to change your lifestyle or that you

- 7 -

are amenable to rehabilitation." N.T. Sentencing, 7/8/15, at 20-21. We therefore must reject Appellant's primary position, which is that the court failed to consider his history, character and condition. Appellant's brief at 11; *Id*. at 13 ("In imposing sentence, the court failed to consider [Appellant's] strong need for drug and alcohol rehabilitation.")[1]

Likewise, the court, contrary to Appellant's suggestion, was not required to parole him into an inpatient drug treatment facility called the Teen Challenge Program. The court relied upon Appellant's previously failed attempt to address his drug addiction problem, his mature age, and that the application to enter the program was belatedly made after he was charged with violating parole/probation rather than as an attempt to address his drug problem before he committed another crime.

In addition, when imposing sentence, the court weighed the seriousness of the charges against Appellant, PWID, as well as his significant criminal history before 2009. This prior record began "in 1995, larceny; 2000, July, theft; September of 2000, harassment; May of 2001, unauthorized use of a vehicle; again May of 2001, aggravated assault. . . . September of 2005, access device fraud; January of 2006, possession of a controlled substance . . . ." N.T. Sentencing, 7/8/15, at 19-20.

_____

[1] The pre-sentence report actually indicates that Appellant ceased using alcohol about eleven years prior to sentencing. His addiction is to drugs.

We can perceive of no abuse of discretion in the sentence imposed, and, given our highly deferential standard of review, have no basis upon which to reverse it.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2016