J-S71006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MICHAEL IZADORE BONSIGNORE | |
| Appellant | No. 2917 EDA 2015 |

Appeal from the Judgment of Sentence August 31, 2015
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000215-2012

BEFORE: BOWES, PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.: **FILED JANUARY 06, 2017**

Michael Izadore Bonsignore appeals from the judgment of sentence of twenty-five to fifty years incarceration imposed following his guilty plea to two counts of rape of a child, one count of rape of a mentally disabled person, and one count of corruption of a minor. We affirm.

We previously set forth the pertinent background of this appeal.

In a May 2011 indictment, the United States Attorney for the Middle District of Pennsylvania charged Appellant with one count of sexual exploitation of children and two counts of certain activities relating to material constituting or containing child pornography. The events leading to the charges occurred between March 2007 and April 2011. In February 2012, Appellant entered into a plea agreement with the federal prosecutor, pleading guilty to a violation of 18 U.S.C. § 2251(b) (Sexual Exploitation of Children-Production) [Appellant was sentenced to twenty-five years in prison].

. . .

* Former Justice specially assigned to the Superior Court.

In May 2012, the Commonwealth filed charges against Appellant in an Information listing 69 counts that involved 13 separate crimes against three victims between November 2006 and April 2011. The charges, listed in the order they appear in the Information, included rape, rape of a child, involuntary deviate sexual intercourse, aggravated indecent assault of a child, statutory sexual assault, aggravated indecent assault, incest, sexual abuse of children, sexual exploitation of children, indecent assault, and corruption of minors. The victims were identified as Appellant's daughter K.B., approximately 9 years of age, who suffers from a mental disability; K.M., approximately 9 years of age; and M.B., [Appellant's son, who was under the age of 18].

*Commonwealth v. M.I.B.*, 116 A.3d 678 (Pa.Super. 2014) (unpublished memorandum at 1-3, footnotes omitted). In the state proceeding, Appellant challenged the trial court's denial of his motion to dismiss on double jeopardy grounds. We affirmed the trial court's dismissal finding that, although the conduct giving rise to the federal and state charges was the same, the offenses required proof of different elements, and the statutes were targeted towards substantially different harms. *Id*. at 9-11. Specifically, the state charges focused on Appellant's physical conduct with regard to the victims, while the federal charges were directed at the production and dissemination of visual depictions of those physical acts. *Id.* at 6 n.5. Thus, we concluded that the state prosecution was not barred by double jeopardy as a result of the federal prosecution. *Id*. at 11.

After the resolution of the prior appeal, at a hearing on August 31, 2015, Appellant pled guilty to two counts of rape of a child, one count of

rape of a mentally disabled person, and one count of corruption of a minor. Pursuant to an agreement with the Commonwealth, the sentence on one count of rape of a child was to be five to ten years incarceration to run concurrent to his federal sentence. On the remaining two counts of rape, the sentence was to be ten to twenty years incarceration, with those sentences running consecutively to each other. The trial court retained the discretion to impose the twenty to forty year term on these two rape offenses consecutively to the federal sentence. On the corruption of a minor charge, it was agreed that his sentence would run concurrent to the three rape charges.

The trial court conducted the mandated colloquy, and Appellant's written guilty plea statement was entered into the record. The court found Appellant's plea was given voluntarily, knowingly, and intelligently, and specifically ensured that Appellant understood that the court had discretion to run part of his sentence consecutive to his federal sentence.

The matter proceeded directly to sentencing. The court imposed an aggregate standard range sentence in accordance with the terms of the plea of twenty-five to fifty years incarceration, five of which were concurrent and twenty to forty of which were consecutive to Appellant's federal sentence. Appellant did not file a post-sentence motion. This timely appeal followed. Appellant complied with the court's order to file a Rule 1925(b) concise

statement of matters complained of on appeal. The court then authored its Rule 1925(a) opinion, and this matter is now ready for review.

Appellant offers a single contention for our consideration:

Whether, where Appellant was sentenced in Federal Court on a charge of Sexual Exploitation of Children, arising from him videotaping minor children as he had sex with them, state sentences on charges of Rape, stemming from the same sexual encounters that he had with those minor children on tape, must have been run concurrent to the federal sentence?

Appellant's brief at 7.

Appellant initially frames his argument as challenging the legality of his sentence. He asserts that the trial court erred in failing to run his state sentence concurrently with his federal sentence since each punishment was predicated upon identical conduct. Thus, Appellant concludes, his state offenses should have merged with his federal offenses for the purpose of sentencing. Alternatively, Appellant argues that the court abused its discretion in failing to run his sentence concurrently to his federal sentence since his federal and state offenses involved the same conduct, and the court disregarded statements made by Appellant's federal judge who opined that "it is absurd for Appellant to get an additional sentence at the state level." Appellant's brief at 15.

Initially, we observe that this Court previously determined that Appellant's federal and state prosecutions were separate actions which did not implicate double jeopardy concerns. *M.I.B.*, *supra*. Notwithstanding

the fact that Appellant's charges arose from the same conduct, Appellant was convicted and sentenced for separate and distinct offenses arising under federal and state law. Hence, this aspect of Appellant's contention lacks merit. We thus evaluate his challenge to the court's decision to impose the term herein consecutive to the federal sentence.

Our standard of review regarding challenges to the discretionary aspects of a sentence is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted). We observe that "the right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered as a petition for permission to appeal." *Id*. In order to invoke the Court's jurisdiction:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id*.

Upon review of the certified record, we find that Appellant failed to preserve his sentencing claim. Appellant did not verbally object after the judgment of sentence was imposed, nor did he file a written post-trial motion requesting reconsideration or modification of his sentence. Hence, this matter was not properly preserved.

Appellant contends in his concise statement pursuant to Pa.R.A.P. 2119(f) that his challenge to the discretionary aspects of his sentence was "preserved *ad nauseum* on the record at sentencing." Appellant's brief at 12. He maintains that "counsel continuously reiterated this objection, concern, and request at sentencing, thus preserving the issue." *Id*. at 12 n. 2. Nevertheless, Appellant does not cite to any portion of the record in support of his averment.

The sentencing transcript indicates that Appellant presented his argument that his state sentence should run concurrent to his federal sentence at the sentencing proceedings. However, it belies Appellant's assertion that he preserved his current claim. Following the imposition of sentence, counsel did not make an oral motion for the court to either reconsider or modify Appellant's sentence. Rather, the following exchange occurred:

> Sentencing Court: I have already provided the [post-sentence] rights issues. I believe that concludes our business. Is there anything else that anybody wants to make part of the record for today's proceedings? [Appellant's counsel]?

Appellant's Counsel:  No, Your Honor.

N.T. Sentencing, 8/31/15, at 113.  At the Commonwealth's request, the court then clarified the sentence imposed at each count, and sealed certain documents related to the proceeding.  *Id*. at 113-117.  The hearing concluded without any objection regarding Appellant's sentence lodged on the record.

Appellant's contention that his issue was preserved at sentencing conflates his argument in favor of concurrent sentencing prior to the imposition of sentence with the post-sentence motion necessary to preserve this issue on appeal.  Although Appellant requested that the court impose concurrent sentences, he did not object to the court's denial of that request.  However, an objection or motion to reconsider was necessary to preserve his challenge to the actual sentence imposed.  As such, Appellant has not invoked this Court's jurisdiction to hear this appeal.  *Zirkle*, *supra*.

Assuming, *arguendo*, that this matter is properly before us, Appellant is not entitled to relief.  An appeal to the discretionary aspect of a sentence is permitted "only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super. 2013) (citation omitted).  A defendant presents a substantial question when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process."

*Id*. A claim that the sentencing court abused its discretion in imposing consecutive sentences "may raise a substantial question where [the defendant] receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence." *Id*. at 1270.

Appellant's claim that his sentences should run concurrently is premised upon his assertion that his federal and state charges stem from the exact same conduct, and the federal judge opined that Appellant would not be subject to further punishment. Notwithstanding the fact that this Court has already determined that Appellant's state and federal convictions do not implicate double jeopardy concerns, **M.I.B.**, **supra**, the consecutive application of the guidelines ranges is not clearly unreasonable given the heinous nature of Appellant's crimes. In addition, after reviewing the pertinent sentencing reports, facts, and documents, the court thoroughly explained its reasoning on the record. Therefore, the court did not abuse its discretion in imposing Appellant's state sentence consecutively to his federal sentence. As such, had this issue been properly preserved, Appellant would not be entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2017