J-S96024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RANDY SCOTT STALLSMITH | |
| Appellant | No. 828 WDA 2016 |

Appeal from the Judgment of Sentence May 17, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000161-2016

BEFORE:  BENDER, P.J.E., BOWES, J., AND SOLANO, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 10, 2017**

Randy Scott Stallsmith appeals from the judgment of sentence of three to six months incarceration following his guilty plea to one count of driving under a suspended license, his twenty-second offense of that nature. Counsel has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.3d 349 (Pa. 2009).  We grant counsel's petition and affirm.

The record reveals the following.  On November 6, 2015, Appellant was issued a citation for driving without a valid Pennsylvania registration, driving without proof of financial responsibility, and driving with a suspended license – habitual offender.  On May 4, 2016, Appellant signed a statement acknowledging his rights and indicating that he understood the potential

sentence for the charges he faced, including thirty-days to six-months incarceration for driving with a suspended license. He entered an open guilty plea to one count of driving with a suspended license, his twenty-second offense. The court conducted the mandated colloquy, accepted Appellant's plea, and *nolle prossed* the remaining charges.

On May 17, 2016, the court held a sentencing hearing. At that hearing, the court reviewed Appellant's extensive criminal history and heard testimony in support of Appellant's character and willingness to change. The court emphasized that Appellant had twenty-one prior offenses for driving with a suspended license. As a result, the court imposed a guideline range sentence of three months to six months incarceration. The court then denied Appellant's entreaty for work release.

Appellant filed a timely motion for reconsideration requesting that the court modify his sentence to permit work release. The court denied Appellant's motion, and Appellant filed a timely notice of appeal. In response to the court's order to file a Rule 1925(b) statement of errors complained of on appeal, counsel noted her intent to seek to withdraw on appeal pursuant to ***Anders***, ***supra***. Before we can proceed to the merits of the issues raised herein, we first must address counsel's request to withdraw. In order to withdraw during direct appeal,

> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, she has determined that the appeal is frivolous; second,

- 2 -

she must file a brief referring to any issues in the record of arguable merit; and third, she must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worth of the Superior Court's attention.

*Santiago*, *supra* at 351. In *Santiago*, the Court outlined the following specific requirements for an *Anders* brief:

[I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguable supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id*. at 361. Once counsel has satisfied the above requirements:

The court – not counsel – then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id*. at 354 (quoting *Anders*, *supra* at 744).

In her petition to withdraw, counsel averred that she reviewed the record and relevant case law and believed that were no non-frivolous issues to be raised on appeal. Counsel also filed with this Court a brief raising one issue she felt might arguably support the present appeal. Counsel notified

Appellant of her request to withdraw and provided a copy of the brief and petition to withdraw. Counsel advised Appellant that he had a right to retain private counsel or proceed *pro se* to submit any additional arguments to this Court. Hence, counsel has complied with the procedural mandates of **Anders**/**Santiago**.

We turn now to counsel's **Anders** brief. Counsel's brief sets forth the complete factual and procedural summary of Appellant's case, with citation to his plea hearing. Counsel included the mandated statement pursuant to Pa.R.A.P. 2119(f) and presented one issue that she believes might arguably support this appeal. Counsel set forth that issue as follows: "Was the sentence in this case manifestly excessive and clearly unreasonable, and not individualized as required by law?" Appellant's brief at 1. After a review of the relevant case law, counsel concluded this issue lacked merit.

Appellant's issue assails the discretionary aspects of his sentence. At the outset, we are mindful of our standard of review: "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted). We observe that "the right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered as a petition for permission to appeal." **Id**. In order to invoke this Court's jurisdiction:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appeal from is not appropriate under the Sentencing Code.

*Id*.

Appellant contends that his sentence was manifestly excessive and clearly unreasonable since the court did not grant him work release as a condition of his sentence. In addition, he maintains that he should have received a lighter sentence since he took responsibility for his actions, expressed remorse, and presented testimony supporting him. Thus, Appellant concludes that his sentencing was not appropriate under the sentencing codes.

As noted above, there is no absolute right to an appeal to the discretionary aspects of a person's sentence. Rather, an "[a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super. 2013) (citation omitted). Generally, whether an issue raises a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa.Super. 2015). Moreover,

A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the

> Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Id***.

In determining whether a substantial question exists as to the excessiveness of a sentence, we do not examine the merits of whether the sentence is excessive, but rather, "we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable." ***Dodge***, ***supra*** at 1260.

Instantly, the trial court reviewed Appellant's extensive criminal history, and heard testimony from Appellant and from witnesses supporting Appellant. Upon hearing this testimony, including statements as to Appellant's remorse, the court curbed Appellant's sentence for a conviction unrelated to this matter. N.T. Sentencing, 5/17/16, at 20. With regard to this conviction, the court emphasized that Appellant had twenty-one previous citations for driving with a suspended license, and determined that Appellant's history provided no indication that his aberrant conduct would cease. As such, it sentenced Appellant to a standard range sentence of three-months to sixth months incarceration for that offense and denied his request for work release. We find that Appellant has not advanced a plausible argument that his sentence is clearly unreasonable, and hence, he has not presented a substantial question for our review.

After an independent review of the record, we concur with counsel's assessment that this appeal is wholly frivolous and that there are no preserved issues that could arguably support this appeal. Thus, we conclude that counsel may withdraw.

Petition of Tina M. Fryling, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/10/2017