J-S56042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC HALL, | |
| Appellant | No. 211 EDA 2017 |

Appeal from the Judgment of Sentence October 20, 2016
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0003857-2013

BEFORE:  BOWES, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 26, 2017**

Appellant, Eric Hall, appeals from the judgment of sentence imposed on October 20, 2016 after his open guilty plea to one count each of retail theft and conspiracy to commit retail theft.[1]  We affirm.

We take the following from our independent review of the certified record and the trial court's February 23, 2017 opinion.  On September 24, 2013, Appellant entered an open guilty plea to the above charges.  The charges related to a theft he committed on May 23, 2013.  Specifically, on that date, Appellant and another individual agreed to take merchandise from

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3929(a)(1) and 903, respectively.

a Gap store without paying for it, and then did so. (**See** N.T. Guilty Plea, 9/24/13, at 6).

On February 21, 2014, Appellant appeared for sentencing, but left the courtroom before the hearing. More than two years later, he was apprehended on a bench warrant. On October 20, 2016, the court sentenced him to consecutive standard-range sentences of not less than eighteen months nor more than seven years' incarceration on each of the two offenses to which he had pleaded guilty. The court denied Appellant's timely filed post-sentence motion challenging the discretionary aspects of sentence on November 30, 2016. Appellant timely appealed.[2]

Appellant raises one question for our review:

> I.    Whether the sentencing court's imposition of an aggregate sentence of not less than three (3) nor more than fourteen (14) years' incarceration was unreasonable and manifestly excessive in that the aggregate sentence exceeded the aggravated range of the sentencing guidelines and violated the fundamental norms of sentencing in that the sentencing court failed to properly consider the individual characteristics of Appellant, including Appellant's limited intellectual ability, education level, and rehabilitative needs under 42 Pa.C.S.A. § 9721(b)?

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

Appellant's issue challenges the discretionary aspects of his sentence. "[T]here is no absolute right to appeal when challenging the discretionary

---

[2] Pursuant to the court's order, Appellant filed a timely concise statement of errors complained of on appeal on February 13, 2017. The court filed an opinion on February 23, 2017. **See** Pa.R.A.P. 1925.

aspect of a sentence." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014) (citations omitted). "[A]n [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." ***Id.*** (citation omitted).

> A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process. In order to properly present a discretionary sentencing claim, a defendant is required to preserve the issue in either a post-sentence motion or at sentencing and in a court-ordered Pa.R.A.P. 1925(b) concise statement. Further, on appeal, a defendant must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm.

***Id.*** at 1268-69 (quotation marks and citation omitted).

In this case, Appellant has met all prerequisites for this Court's merit review of his issue.[3] (***See*** Appellant's Post-Sentence Motion, 10/31/16, at unnumbered page 2; Appellant's Rule 1925(b) Statement, at unnumbered page 1; Appellant's Brief, at 10-11); ***Commonwealth v. Swope***, 123 A.3d

---

[3] We note that the Commonwealth argues that Appellant's issue is waived because he failed to raise any claim challenging his sentence on the basis of its consecutive nature in his post-trial motion. (***See*** Commonwealth's Brief, at 4). However, Appellant's argument is not about the imposition of consecutive sentences, but that his sentence is excessive where the court failed to consider mitigating factors, an issue he raised in his post-sentence motion. (***See*** Appellant's Brief, at 14-15; Appellant's Post-Sentence Motion, at 2). Accordingly, we decline to find waiver.

333, 339 (Pa. Super. 2015) ("[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citation omitted). Therefore, we will review the merits of Appellant's challenge. *See Dodge*, *supra* at 1268.

Appellant maintains that "the trial court imposed a sentence that far exceeded that which was necessary for the protection of the public[]" and "failed to give adequate consideration to [his] need for rehabilitation . . . ." (Appellant's Brief, at 14). Appellant's claim does not merit relief.

Our standard of review of a sentencing challenge is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013) (citation omitted). "Where [a] pre-sentence report[] [(PSI)] exist[s], we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation omitted).

Here, the sentencing hearing notes of testimony reflect that the court thoroughly considered all of the information before it. For example, the

court took into account: argument from counsel on Appellant's behalf; the sentencing guidelines; letters from Appellant's mother and sister; his extensive criminal history; his numerous probation violations; his failure to appear for a probation and parole intervention (PPI) evaluation; his age and background; and the fact that he absconded for two years to avoid being sentenced, but failed to seek any help for his mental illness or drug addiction during that time. (*See* N.T. Sentencing, 10/20/16, at 5-12). Based on all of these considerations, the court found that:

> I think you are an undue risk that during the period of probation or partial confinement you are going to commit another crime. You're in need of correctional treatment that can only be provided most effectively by commitment to an institution. A lesser sentence would depreciate the seriousness of your crime, and I, therefore, find that a sentence of total confinement is proper.

(*Id.* at 13).

We discern no abuse of discretion in the court's reasoning. *See Glass*, *supra* at 727. Moreover, because it had the benefit of a PSI, we presume that the court was aware of all relevant facts and weighed them appropriately. *See Antidormi*, *supra* at 761. Hence, based on the foregoing, Appellant's challenge to the discretionary aspects of his sentence does not merit relief.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*

*Prothonotary*

*Date: 9/26/2017*