**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RYAN PAUL | |
| Appellant | No. 709 WDA 2017 |

Appeal from the Judgment of Sentence imposed January 20, 2017
In the Court of Common Pleas of Westmoreland County
Criminal Division at No: CP-65-CR-0002118-2014

BEFORE: STABILE, J., MUSMANNO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.: **FILED JULY 16, 2018**

Appellant, Ryan Paul, appeals from the judgment of sentence the Court of Common Pleas of Westmoreland County imposed on January 20, 2017. On appeal, Appellant challenges the discretionary aspects of his sentence. Upon review, we affirm.

The underlying facts are undisputed. Briefly, Appellant attacked his victim in a parking lot near a bar. While wrestling with the victim, Appellant retrieved his knife from his pocket, and stabbed the victim in the neck. The stabbing resulted in a severed lymph node and a severed artery, requiring surgery. Three days after the assault, the victim was released from the hospital. Approximately ten days after the assault, during a follow-up visit, the victim suffered another artery rupture, requiring another immediate surgery.

A jury acquitted Appellant of attempted homicide, but found him guilty of aggravated assault. The trial court sentenced Appellant to seven to twenty years' incarceration. Appellant timely filed a post-sentence motion challenging, *inter alia*, the imposition of an aggravated range sentence. The trial court denied the motion. This appeal followed.

Preliminarily, we address the most recent claim raised by Appellant. In his reply brief, Appellant argues that the sentencing court abused its discretion in imposing the deadly weapons enhancement.[1] No relief is due.

At the time of sentencing, the Commonwealth stated on the record that it was seeking the application of the "Deadly Weapon Use" (DWU) enhancement. Counsel for Appellant did not appear surprised by the Commonwealth's request nor did he dispute its applicability. The same is true of the sentencing court. Based on the information provided to the sentencing court, which included the unchallenged applicability of the DWU enhancement, the court sentenced Appellant to 84 months to 240 months' imprisonment.[2]

After sentencing, but before the expiration of the deadline for filing post-sentence motions, Appellant retained new counsel (instant counsel). New counsel filed a post-sentence motion challenging Appellant's "aggravated" range sentence. Nowhere did Appellant explain what he understood to be an

---

[1] This Court has held that a challenge to the application of the deadly weapon enhancement implicates the discretionary aspects of sentencing. **Commonwealth v. Kneller**, 999 A.2d 608, 613 (Pa. Super. 2010) (*en banc*).

[2] The mitigated/standard/aggravated sentences for DWU sentences applicable to Appellant (OGS 11, Level 5) are, respectively, 42, 52-74, and 84 months.

"aggravated" range sentence. Similarly, Appellant's subsequent Pa.R.A.P. 1925(b) statement and Appellant's own appellate brief to this Court do not mention anywhere the application of a deadly weapons enhancement. Indeed, in all filings, Appellant generally complained of the imposition of an "aggravated" range sentence, but never stated that it was the result of the application of a deadly weapon enhancement. Appellant eventually realized that "aggravated" sentence in the instant case meant an aggravated DWU sentence. The realization, however, came about only following the Commonwealth's filing of its appellate brief. Upon realizing what "aggravated" meant here, Appellant filed a reply brief in which he raised a challenge to the application of the deadly weapon enhancement. The challenge, however, cannot be addressed. Indeed, it is well-established that claims raised for the first time on appeal are waived. *See*, *e.g.*, Pa.R.A.P. 302(b). The claim is, therefore, waived.

In his appellate brief, Appellant challenges the discretionary aspects of his sentence. Specifically, he argues the sentence is too harsh because the trial court: (1) failed to consider certain mitigating factors; (2) impermissibly considered charges for which Appellant was not convicted, and crimes with which he was not charged; and (3) failed to consider the facts pertaining to the crimes of which he was convicted and his rehabilitative needs.[3]

---

[3] In the third issue, as developed in the argument section, Appellant essentially rehashes the first two issues. Regarding the rehabilitative needs,

"In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard. Additionally, this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.[A]. § 9781(c) and (d)." *Commonwealth v. Dodge*, 77 A.3d 1263, 1274 (Pa. Super. 2013) (quotation marks and citations omitted).[4]

_____

Appellant claims that the trial court did not consider them. However, he failed to explain what needs the trial court should have considered. The claim is waived. *Commonwealth v. Plante*, 914 A.2d 916, 924 (Pa. Super. 2006) (citation omitted). "We have repeatedly held that failure to develop an argument with citation to, and analysis of, relevant authority waives the issue on review.").

[4] Section 9781(c) directs:

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

Section 9781(d) directs that the appellate court, in reviewing the record, shall have regard for:

Our standard of review for challenges to the discretionary aspects of a sentence is well settled. We apply an abuse of discretion standard. Additionally, because challenges to the discretionary aspects do not entitle an appellant to appellate review as of right, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine: 1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *See Commonwealth v. Moury*, 992 A.2d 162, 169-70 (Pa. Super. 2010).

For purposes of our review, we accept that Appellant has met all requirements of the above test.

_____

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

Appellant contends that the sentencing court failed to consider the following mitigating factors: "[Appellant] had a prior record score of 'zero,' and [Appellant]'s encounters with law enforcement were as a result of a drug addiction stemming from injuries sustained in active duty with the military, and exacerbated by the VA's refusal to provide necessary follow-up treatment upon [Appellant]'s discharge." Appellant's Rule 1925(b) Statement at 2.

The record belies the allegation. At sentencing, in relevant part, the sentencing court stated:

> We thank you for your service, Mr. Paul, to your country. It's unfortunate you had injuries and you were on medication and then you turned to heroin. That happens unfortunately frequently, even to young men and wom[e]n who have sports injuries and they're treated with prescription pain medication and they become addicted. That is a problem. That's not a problem that certainly I can address today. It's a problem that we have as a society to address.
>
> However, you had opportunities. You were in drug treatment just prior to this happening. At the time of this incident you had the opportunity for treatment. You had just been released from rehab.
>
> I'm looking at the guidelines, and I have certainly considered the guidelines, I have considered the presentence report[.] The fact that you have a prior record score of zero makes the guidelines a certain level. However, this incident occurred in April of 2014 and in January, February and March of 2014 you had six arrests. []
>
> . . . .
>
> What also troubles me in this case is that [victim] didn't know you. He happened to go into a bar in April of 2014 with his girlfriend for a drink, came out and then he is attacked by you in the parking lot. It wasn't a fight. This man was just walking to his vehicle. You attacked him and he could have died. I agree with [the Assistant District Attorney] we could have been talking about that.

- 6 -

Your life has changed, your parents' lives have changed, your children's lives have changed but this man could have died. [Victim]'s life is changed forever also because he suffers chronic numbness and pain. He has over $70,000.00 in medical bills. He was in the ICU for three days when this occurred, and ten days later he was back in having surgery and another three days in the hospital. His life is changed forever and you know you have to be responsible for that, Mr. Paul.

I believe you are sincere that you're sincere in your desire to turn your life around and sincere in the love of your family. Why shouldn't you be? They are a loving family. I'm sure that you want to be involved with your children, but there has to be responsibility for your actions.

N.T. Sentencing, 1/20/17 at 21-24.

Thus, contrary to Appellant's allegation, the sentencing court considered the mitigating factors Appellant claims were not considered by the sentencing court. The sentencing court, however, weighed them not as favorably as urged by Appellant. Dissatisfaction with the way the sentencing court treated these considerations, however, fails to establish that the sentencing court abused its discretion.[5]

---

[5] An abuse of discretion "is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Commonwealth v. Rodda**, 723 A.2d 212, 214 (Pa. Super. 1999) (*en banc*).

Next, Appellant argues that the sentencing court improperly considered charges for which he was acquitted (attempted murder) or never charged (homicide). Once again, the record belies the allegation.[6]

The sentencing court addressed the claim as follows:

The [sentencing court] did not state that [Appellant] intended to kill the victim, but merely recognized that the victim's injuries were life threatening, which was supported by the record. [Victim] testified that he suffered from a severed lymph node and severed artery. Soon after he was released from hospital, [victim] suffered from another artery rupture and was forced to undergo a second surgery because an additional bleed in the jugular vein existed that required cauterization. [Victim] noted that the area of his wound is still numb and it is tender to the touch. Doctors informed [victim] that the stab wound was at least three inches deep. The parties also stipulated to testimony from [victim]'s doctors who would have testified that [victim]'s wounds were life-threatening. The [c]ourt recognizes its duty in considering guidelines when sentencing, but notes that the severity of the crime and its brutal impact on the victim necessitated a sentence in the aggravated range.

Trial Court Opinion, 4/11/17, at 11-12.

A review of the record supports the sentencing court's analysis and conclusions. Thus, in light of the foregoing, we conclude the trial court did not abuse its discretion in fashioning Appellant's sentence.

---

[6] Appellant's claim appears to be grounded on statements the court made at the time of sentencing, which, read in isolation, would seem to suggest that the sentencing court thought the victim in the instant case had died as result of the Appellant's actions. The Commonwealth immediately brought the error to the attention of the sentencing court, and the court rectified the error immediately on the record. The record, as a whole, unequivocally shows that the sentencing court was fully aware of Appellant's charges, convictions, and acquittals.

Judgment of sentence affirmed.

President Judge Emeritus Ford Elliott did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/2018