**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| v. | : | |
| RAYMOND OSTROWSKI, JR. | : | |
| Appellant | : | No. 3330 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 20, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-MD-0000953-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| v. | : | |
| RAYMOND OSTROWSKI, JR. | : | |
| Appellant | : | No. 3332 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 20, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-MD-0001763-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| v. | : | |
| RAYMOND OSTROWSKI, JR. | : | |
| Appellant | : | No. 3335 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 20, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002892-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |

|                          |   |                 |
|--------------------------|---|-----------------|
|                          | : |                 |
| v.                       | : |                 |
|                          | : |                 |
|                          | : |                 |
| RAYMOND OSTROWSKI, JR.    | : |                 |
|                          | : |                 |
| Appellant                | : | No. 3337 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 20, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002890-2017

BEFORE: SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 23, 2019**

Appellant Raymond Ostrowski, Jr., appeals from the judgments of sentence entered following a guilty plea to strangulation, unlawful restraint, stalking, and indirect criminal contempt.[1] On appeal, Appellant claims the trial court failed to state on the record the reasons for his sentence and that omission meant the court failed to consider mitigating circumstances. We affirm.

The trial court stated the facts and procedural history as follows:

The charges stemmed from an incident of domestic violence. On the night of February 17, 2017, [Appellant] waited for Shirley Stout, with whom he had had a relationship, at her Pottstown residence until she returned home. [Appellant] proceeded to strangle the victim and force her to remain in the home. After the initial incident, [Appellant] continued to contact the victim via email, text, phone and letter, resulting in the additional stalking charge and indirect criminal contempt charges.

The [c]ourt indicated at the commencement of sentencing that it had both the presentence investigation report (PSI) and a

---

[1] 18 Pa.C.S. §§ 2718, 2902, 2709.1, and 23 Pa.C.S. § 6114, respectively.

probation and parole intervention (PPI) evaluation. [Appellant] was sentenced on November 20, 2017 to all of the charges as follows:

Docket number CR-2892-17: Count 2, strangulation, fourteen (14) to twenty-eight (28) months in a State Correctional Institution, followed by three (3) years' probation; Count 3, unlawful restraint, five (5) years' probation to run consecutive to Count 2.

Docket number CR-2890-17: Count 1, stalking, five years' probation to run concurrent to Count 3 of CR-2892-17.

Docket number MD-1763-17: Indirect Criminal Contempt, three (3) to six (6) months in the Montgomery County Correctional Facility.

Docket number MD-953-17: Indirect Criminal Contempt[,] three (3) to six (6) months in the Montgomery County Correctional Facility.

Trial Ct. Op., 1/2/19, at 1-2 (citations omitted); *see* N.T. Sentencing Hr'g, 11/20/17, at 3, 35 (referencing the PSI).

Appellant timely filed a post-sentence motion claiming, among other things, that the sentence was unreasonable and excessive, the trial court failed to adequately consider mitigating circumstances, and the court failed to indicate whether Appellant was eligible for a recidivism risk reduction initiative (RRRI) sentence. Post-Sentence Mot., 11/28/17, at 2-3. On April 4, 2018,[2] the court granted the motion in part by amending Appellant's status to reflect

---

[2] Although the order was dated and served on March 22, 2018, the order was not docketed until April 4, 2018.

that he was RRRI-eligible and denied the remainder of the motion. Order, 4/4/18. Appellant did not immediately appeal, but filed a successful petition for leave to file notice of appeal *nunc pro tunc*. Appellant timely appealed and timely filed court-ordered Pa.R.A.P. 1925(b) statement.[3]

Appellant raises one issue on appeal: "Did the [trial c]ourt fail to adequately consider the age, family history, education, employment history and remorse of [Appellant] when it fashioned its sentence, evidenced by the fact that the Court failed to state on the record, at the time of sentencing, the reasons for the sentence imposed?" Appellant's Brief at 2.

In support of his issue, Appellant argues that the trial court failed to consider the above factors. *Id.* at 7. The court, Appellant insists, did not consider his "remorse, his continuous employment, his lack of prior record, the home he owned and his activities as a volunteer firefighter and little league coach." *Id.* at 8. Appellant concludes that the case must be remanded for re-sentencing. *Id.*

> It is well settled that
>
> challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: . . . (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at

---

[3] The trial court's certified record transmitted to this Court did not include Appellant's Rule 1925(b) statement, but Appellant's brief attached a copy of the statement. No party disputed the accuracy of the copy.

sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Peck*, 202 A.3d 739, 745-46 (Pa. Super. 2019) (quotation marks, brackets, and citations omitted). "[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of [Section] 9721, has been rejected." *Commonwealth v. Dodge*, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013).

Instantly, Appellant has preserved this issue in a post-sentence motion, timely appealed, and included a Pa.R.Crim.P. 2119(f) statement in his brief.[4] *See Peck*, 202 A.3d at 745-46. Further, Appellant's assertion that the trial court failed to consider the Section 9721 factors presents a substantial

---

[4] However, Appellant's post-sentence motion did not preserve a claim that the trial court violated Pa.R.Crim.P. 704(C)(2) by failing to state the reasons for its sentence. *See Peck*, 202 A.3d at 745-46. Accordingly, we cannot consider this claim as an independent basis for relief. *See Commonwealth v. Moury*, 992 A.2d 162, 172 (Pa. Super. 2010).

question.  *See Dodge*, 77 A.3d at 1272.  Therefore, we will consider this issue.

> Our review is governed by the following principles:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Peck*, 202 A.3d at 746.

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant.  The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation.  However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.  Additionally, the sentencing court must state its reasons for the sentence on the record.  The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

*Commonwealth v. Fowler*, 893 A.2d 758, 766-67 (Pa. Super. 2006) (citations omitted); *see also Commonwealth v. Walls*, 926 A.2d 957, 967 n.7 (Pa. 2007) (stating that where a PSI report exists, we shall "presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." (citation omitted)).

Here, the trial court had a PSI report and indicated that it had reviewed the report before imposing the sentence. **See** N.T. Sentencing Hr'g at 3, 35. Therefore, because the court considered the PSI report, it properly considered and weighed all the relevant sentencing factors. **See Fowler**, 893 A.2d at 766-67. Therefore, Appellant's claim lacks merit, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/19