J-S24021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HAKEEN AUSTIN | |
| Appellant | No. 2428 EDA 2019 |

Appeal from the Judgment of Sentence entered July 29, 2019
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0002060-2019

BEFORE:  BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                    Filed: August 25, 2020

Appellant, Hakeen Austin, appeals from the judgment of sentence the Court of Common Pleas of Lehigh County entered July 29, 2019.  Appellant challenges the discretionary aspects of his sentence.  Upon review, we affirm.

The factual and procedural background of this appeal is undisputed. This matter arises from an incident involving Appellant and his girlfriend in Allentown on April 1, 2019.  On June 24, 2019, Appellant pled guilty to strangulation and simple assault.[1]  In return for his plea, the Commonwealth amended the strangulation count from a felony in the second degree to a misdemeanor in the second degree and agreed that it would not oppose a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Pa.C.S.A. § 2718(a)(1), 2701(a)(1), respectively.

county sentence. On July 29, 2019, the trial court sentenced Appellant to an aggregate term of incarceration in a state correctional institution of 8 to 48 months.[2] Appellant filed a post-sentence motion, which the trial court denied on August 8, 2019. This appeal followed.

On appeal, Appellant challenges the discretionary aspects of his sentence. Specifically, Appellant argues that the sentence was manifestly excessive and unreasonable due to the trial court's failure to consider mitigating factors, and for not providing appropriate reasons for imposing consecutive sentences. Appellant's Brief at 7.[3]

"[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013). An appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test. We must determine: 1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's

_____

[2] The trial court imposed a term of 4 months to 24 months on each count, to run consecutively. For each count, the standard range called for a sentence of not less than RS to 1 month, with the aggravated range being four months. The sentences imposed here are, therefore, aggravated range sentences.

[3] In the argument section of the brief, Appellant articulates a more specific argument in support of the instant appeal. Specifically, Appellant challenges the imposition of consecutive sentences in the aggravated range, the failure to consider that Appellant was facing another sentence in an unrelated matter, and the failure to provide reasons for the sentences imposed.

brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Moury*, 992 A.2d 162, 169-70 (Pa. Super. 2010). For purposes of our review, we accept that Appellant has met this four-part test.

We review challenges to the discretionary aspects of a sentence for abuse of discretion. *Dodge*, 77 A.3d at 1274. Appellant argues the trial court abused its discretion by imposing sentences in the aggravated range, running them consecutively, and failing to consider the impact of another sentence Appellant was facing in an unrelated matter. Further, Appellant alleges that the trial court provided no reasons on the record for the sentence imposed. We disagree.

The trial court had the benefit of the pre-sentence investigation (PSI) and cogently described the reasons underlying its sentence. The court explained that

> [t]his is an aggravated range sentence, and the reason for that sentence is that [Appellant] was under supervision at the time of his offense. It's the same victim. The injuries were serious. And [Appellant] has a long history of violent behavior that is not reflected in the prior record score.

N.T. Sentencing, 7/29/19, at 36. Thus, the record belies Appellant's claim that the court failed to explain its reasoning or abused its discretion by imposing consecutive sentences in the aggravated range.

The record also refutes Appellant's argument that the court failed to consider the impact of a future sentence. The court was made aware of the

other criminal proceeding prior to the conclusion of the sentencing hearing, but it declined to make any change to the sentence just imposed. N.T. Sentencing, 7/29/19, at 37. Thus, contrary to Appellant's allegation, the trial court gave due consideration to the future sentence. Simply because the court did not grant relief on this argument does not mean that the court failed to consider it. Appellant, in essence, is asking us to reweigh the court's sentencing deliberations and substitute our own judgment, something we cannot do. *See*, *e.g.*, *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) ("[W]hen reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime") (citation omitted). Finally, Appellant nowhere explains how he was prejudiced by the trial court's alleged error. As such, no relief is due.

We conclude that the trial court did not abuse its discretion in fashioning Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/20

- 4 -