J-A07028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOHN ANDREW ANZALONE :
:
Appellant : No. 1248 EDA 2021

Appeal from the Judgment of Sentence Entered July 3, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003506-2018

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J. **FILED JUNE 14, 2022**

John Andrew Anzalone appeals from the judgment of sentence imposed after a jury convicted him of more than 30 counts of sex offenses, including rape of a child, indecent assault, and involuntary deviate sexual intercourse with a child.[1] The charges arose from multiple instances of sexual abuse perpetrated against his girlfriend's daughters. He challenges the discretionary aspects of his sentence. His claims are either waived or fail to present a substantial question. We therefore affirm.

---

[1] The jury found him guilty of rape of a child, rape by forcible compulsion, indecent assault without consent of other, involuntary deviate sexual intercourse with a child, indecent assault by forcible compulsion, indecent assault of a person less than 13 years of age, corruption of minors, unlawful contact or communication with a minor, indecent assault of a person less than 16 years of age. *See* 18 Pa.C.S.A. §§ 3121(c), 3121(a)(1), 3126(a)(1), 3123(b), 3126(a)(2), 3126(a)(7), 6301(a)(1)(iii), 6318(a)(1), and 3126(a)(8), respectively.

At Anzalone's sentencing hearing, the trial court heard the testimony of the child advocate counsel and guardian *ad litem* for the victims. The foster mother for one of the victims also testified and read a statement by that victim. Anzalone exercised his right to allocution and expressed his belief that he had been a positive influence in the victims' lives and a father figure to them.

Prior to imposing sentence, the court stated the following:

> The Court does have the benefit of a presentence investigation and report which I've carefully considered. I've also considered the [S]entencing [G]uidelines and the [S]entencing [C]ode together with the testimony at trial and the information supplied today, statements read into the record and the arguments of counsel and the defendant's statement.
>
> Looking at the presentence investigation report for a moment, the defendant was 40 years old at the time of the report, born May 11, 1979. No dependents. The defendant's prior record is set forth. He does have a conviction for simple assault and harassment and he was placed on probation for that. That is a crime of violence.
>
> His family situation and background is set forth at length in the report. I have considered that along with his physical and mental condition which is set forth in the report. In the report on Page 4 according to the evaluator at Specialized Counseling, the defendant was uncooperative with the psychosexual evaluation. He provided limited information. She suspected he was not being truthful with his responses. The defendant denied any drug problems. He said he never really had any kind of alcohol problems. His education is set forth in the report as is his work history. He did have a productive work history.
>
> The sentence that I will impose will be a consecutive sentence. There are many reasons for that and I'll try to list them. Quite obviously, the overall gravity of the offense, the overall impact of these crimes on the victims and their family is

paramount. But I also note the prior conviction of a crime of violence. That's significant.

It can't be overstated that these are extremely horrible acts committed repeatedly against children. So we're talking about multiple victims, multiple crimes over a period of some number of years at different locations. Certainly, his crimes have had an extremely negative impact on these victims and their families. We heard the statements read in about the impact on the individual victims here. He has extremely damaged the lives of these children.

Clearly, in my mind, he poses a clear and present danger to children. I also believe that children need to be protected from people like this who would think about sexually preying on children. The message must go out that this kind of criminal conduct will receive appropriate and significant punishment. Any lesser sentence would diminish the serious nature of this criminal conduct committed over a number of years.

The sentence being consecutive is appropriate given the gravity of the crimes and the impact on the victims in the community and given the character and attitude of this defendant.

N.T., July 3, 2019, at 36-38.

The court imposed a ten-year, mandatory minimum prison sentence for each of the three convictions for rape of a child, and an additional ten-to-20-year sentence of confinement for involuntary deviate sexual intercourse with a child. Each of these four sentences fell within the standard guidelines range for that offense, given Anzalone's prior record score of zero. The court ran these four terms consecutively and imposed concurrent terms on the remaining counts. The aggregate sentence was 40 to 80 years' confinement. Defense counsel's only objection at the sentencing hearing was to the application of mandatory minimum sentences, claiming the relevant statutes were unconstitutional. *See id.* at 15-16.

Following sentencing, Anzalone filed a motion for reconsideration. He argued the court had abused its discretion in imposing consecutive sentences and pointed out that his prior record score was zero. He also stated he "believes that he did not adequately present himself and witnesses on his behalf." Motion for Reconsideration, July 10, 2019, at 2, ¶ 9. The court denied the motion.

After obtaining a *nunc pro tunc* direct appeal through a timely Post Conviction Relief Act[2] petition, Anzalone filed the instant timely appeal. He poses his issues as follows: "Did the sentencing court abuse [its] discretion when it imposed an excessive aggregate sentence involving the imposition of consecutive mandatory sentences; failed to consider certain mitigating factors; and considered impermissible factors[?]" Anzalone's Br. at 2.

Anazalone's claims go to the discretionary aspects of his sentence, for which there is no automatic right to appellate review. **Commonwealth v. Banks**, 198 A.3d 391, 401 (Pa.Super. 2018). A defendant may obtain appellate review of discretionary aspects of sentence only if: (1) the appeal is timely; (2) the defendant preserved the issues below; (3) the defendant has included Pa.R.A.P. 2119(f) statement in the brief to this Court; and (4) the Rule 2119(f) statement raises a substantial question that the sentence is not appropriate under the Sentencing Code or is contrary to fundamental sentencing norms. **Id.**; Pa.R.A.P. 2119(f).

---

[2] **See** 42 Pa.C.S.A. §§ 9541-9546.

Although his appeal was timely, Anzalone did not preserve his claims that the court failed to consider mitigating factors or that it considered impermissible sentencing factors, either at his sentencing hearing or in his post-sentence motion. These claims are therefore waived. **See Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa.Super. 2012) (*en banc*) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceeding") (citation omitted); Pa.R.A.P. 302(a) ("Issues not raised in the trial court ware waived and cannot be raised for the first time on appeal").

We now turn to Anzalone's claim that his aggregate sentence is excessive due to the court's imposition of consecutive terms of confinement. He preserved this claim in his post-sentence motion. He also includes a Rule 2119(f) statement in his brief. However, he fails to raise a substantial question.

To obtain review of discretionary aspects of a sentence, the appellant must raise a substantial question that the sentence violates either the Sentencing Code or any fundamental sentencing norm. **Banks**, 198 A.3d at 401. We make the substantial-question determination based solely on the contents of the Rule 2119(f) statement. We may not consider the argument portion of the brief. **Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa.Super. 2012). Only if the appellant has raised a substantial question may

we turn to the merits of whether the sentence is actually excessive. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa.Super. 2013).

A sentencing court has discretion to run sentences consecutively, and "a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." ***Dodge***, 77 A.3d. at 1270. To raise a substantial question regarding consecutive, guidelines sentences, the appellant must articulate in the Rule 2119(f) statement that the sentence is clearly unreasonable and excessive on its face in light of the criminal conduct at issue in the case. ***Id.*** at 1269-70. "[T]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Lamonda***, 52 A.3d at 372.

In his Rule 2119(f) statement, Anzalone sets forth one sentence explaining the reasons he believes we should allow the appeal: "Appellant Anzalone claims that the court sentenced him to an unreasonably excessive aggregate sentence involving the imposition of consecutive mandatory sentences without consideration to certain mitigating factors such as his age, but with consideration to impermissible sentencing factors such as sending a message to the community." Anzalone's Br. at 5.

As stated above, we cannot consider Anzalone's claims that the court failed to consider mitigating factors or considered any impermissible factors, as they are waived. We are thus left with the bald assertion that "the court

sentenced [him] to an unreasonably excessive aggregate sentence involving the imposition of consecutive mandatory sentences[.]" *Id.* Anzalone fails to set forth a contention that the consecutive nature of the sentences renders the aggregate sentence excessive in view of the nature of the crimes, and the aggregate sentence is not excessive on its face, given the number of crimes and the lifelong impact of his crimes on the victims. He has therefore failed to meet the standard required to articulate a substantial question that his consecutive sentences add up to an excessive aggregate sentence. We will not review this claim on its merits.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2022